787 So.2d 505 (2001)
STATE of Louisiana, Appellee,
v.
Eric GREEN, Appellant.
No. 34,676-KA.
Court of Appeal of Louisiana, Second Circuit.
May 9, 2001.
*506 J. Wilson Rambo, Louisiana Appellate Project, Counsel for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Edwin L. Blewer, III, Hugo A. Holland, Tommy J. Johnson, Assistant District Attorneys, Counsel for Appellee.
Before NORRIS, BROWN and GASKINS, JJ.
GASKINS, J.
The defendant, Eric Green, was originally charged with aggravated rape of his girlfriend's four-year-old daughter. He pled guilty to molestation of a juvenile over whom he exercised control, a violation of La.R.S. 14:81.2(C), and was sentenced to six years at hard labor. The defendant appeals his sentence. We affirm.

FACTS
On November 16, 1996, the defendant was living with his girlfriend and her three children, two sons and the four-year-old victim. The victim apparently slept with her mother and the defendant. On that morning, the mother awoke and found that the victim's panties were pulled down, and the child was acting in a sexually suggestive manner. At that time, the defendant jumped out of bed and denied doing anything to the child. The mother took the victim to a pediatrician, who found evidence of sexual penetration. The child was subsequently examined by a physician specializing in sexual abuse cases; this doctor also found evidence of molestation with penetration.
The defendant was indicted for aggravated rape. On November 29, 1999, the defendant pled guilty to an amended bill of information to the charge of molestation of a juvenile under his control or supervision. La.R.S. 14:81.2(C). At the taking of the *507 guilty plea, he admitted the state's allegations that between December 12, 1995 and November 16, 1996, he had molested the four-year-old victim.
A sentencing hearing was held in May 2000. Several witnesses testified that the defendant had good character and was a hard worker. The defendant also testified about his work history and denied molesting the child. The state produced Anthony Jerome Wilson, a social worker who, at the request of the defendant's attorney, had evaluated the defendant as a possible sex offender. Mr. Wilson testified that the testing revealed the defendant to be a possible sex offender and raised a concern that the defendant should not be around small children. Also testifying on behalf of the state was the probation and parole officer who prepared the presentence investigation (PSI) report; he recommended the maximum sentence of 15 years in compliance with an agency policy of no tolerance on sex crimes.
The trial court sentenced the defendant to six years at hard labor. The defendant's timely motion to reconsider was denied.

DISCUSSION
In his three assignments of error, the defendant argues that the sentence imposed was excessive and that the trial court failed to comply with La.C.Cr.P. art. 894.1. In particular, the defendant argues that the trial court should have given greater weight to his work history and character witnesses.
The defendant pled guilty to molestation of a juvenile when the offender has control or supervision over the juvenile; this offense carries a sentencing exposure of imprisonment, with or without hard labor, for not less than one nor more than fifteen years, and/or a fine of $10,000. La.R.S. 14:81.2(C).
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864; State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.), writ denied, 521 So.2d 1143 (La.1988). There is also no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392; State v. Callahan, 29,351 (La. App.2d Cir.2/26/97), 690 So.2d 864, writ denied, 97-0705 (La.9/26/97), 701 So.2d 979. The record of this case shows that, prior to sentencing, the trial court listened to witnesses from the state and the defendant that addressed every relevant factor contained in La.C.Cr.P. art. 894.1. The record clearly indicates that, prior to sentencing, the trial court was aware of the *508 matters now urged by the defendant in his appeal.
The second test is whether the sentence imposed is too severe depending on the circumstances of the case and the background of the defendant. A sentence violates La. Const. Art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra. A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
As a general rule, maximum sentences are appropriate in cases involving the most serious violation of the offense and the worst type of offender. State v. Grissom, 29,718 (La.App.2d Cir.8/20/97), 700 So.2d 541 [15 years for molestation]; State v. Walker, 573 So.2d 631 (La.App. 2d Cir.1991). However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence possible for the pled offense. This is particularly true in cases where a significant reduction in potential exposure to confinement has been obtained through plea bargain and the offense involves violence upon a victim. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430.
In this case, the defendant was originally charged with aggravated rape of a four-year-old child, a violation of La.R.S. 14:42. He was allowed to plead guilty to molestation of a juvenile pursuant to La. R.S. 14:81.2(C). In his plea, he admitted that he had committed lewd and lascivious acts on the victim, specifically penetrating the child's vagina.
It is clear from the record that the defendant received a substantial benefit from his plea bargain, considering the acts that he committed. He originally faced the risk of a life sentence. This benefit was noted by the trial court, when it gave him a sentence that was only 2/5ths of the maximum of a greatly reduced charge. A substantial advantage obtained by means of a plea bargain, such as a reduction of the charge where the evidence shows the offender is guilty of the more serious offense originally charged, is a legitimate consideration in sentencing. State v. Smack, 425 So.2d 737 (La.1983); State v. Bradford, supra. A plea bargain which brings about substantial benefits to a defendant is a legitimate consideration in sentencing. State v. Strange, 28,466 (La. App.2d Cir.6/26/96), 677 So.2d 587; State v. Lighten, 516 So.2d 1266 (La.App. 2d Cir.1987).
It is clear from the record that a six-year hard labor sentence for having sexual relations with a four-year-old child is well within the trial court's discretion, even for a first felony offender. Such a sentence does not shock one's sense of justice.
Lastly, the defendant argues that because of his work and family history, together with his efforts to reform, he should have been given a suspended sentence. A suspended sentence is not mandated simply because a defendant is a first felony offender. State v. Woodman, 28,004 (La.App.2d Cir.1/24/96), 666 So.2d *509 1255, writ denied, 96-0489 (La.5/3/96), 672 So.2d 696. The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. Bradford, supra; State v. Woodman, supra; State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ denied, 435 So.2d 438 (La.1983). In sentencing, deterrence is a legitimate sentencing object, State v. Howard, 262 La. 270, 263 So.2d 32 (1972), even though a defendant has demonstrated efforts to reform. State v. Tully, supra.
These assignments of error lack merit.

CONCLUSION
The defendant's conviction and sentence are affirmed.
AFFIRMED.