813 So.2d 1180 (2002)
STATE of Louisiana, Appellee,
v.
Lamarius JOHNSON, Appellant.
No. 35,908 KA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 2002.
*1182 Carey J. Ellis, III, Rayville, W. Charles Brown, Mansfield, Louisiana Appellate Project, for Appellant.
Richard Ieyoub, Attorney General, Don M. Burkett, District Attorney, Charles D. Soileau, Assistant District Attorney, Counsel for Appellee.
Before NORRIS, GASKINS and KOSTELKA, JJ.
GASKINS, Judge.
The defendant, Lamarius Johnson, appeals as excessive his sentence to two years at hard labor following his guilty plea to one count of possession of cocaine. We affirm the conviction and sentence.

FACTS
On October 2, 1998, at his Mansfield residence, the defendant sold two $50 rocks of crack cocaine to an undercover police agent and a cooperating individual. The Northwest Louisiana Criminalistics Laboratory verified that the substance involved was cocaine. At that time, the defendant was on pre-trial bail for charges of illegally carrying a weapon and possession of cocaine with intent to distribute.
The defendant was arrested and charged by bill of information with one count of distribution of cocaine, a violation of La. R.S. 40:967. The offense is punishable by imprisonment for not less than five years nor more than thirty years, the first five years of which must be served without benefit of parole, probation or suspension of sentence, plus a fine.
An agreement was reached whereby the defendant was allowed to enter a guilty plea to the reduced charge of possession of cocaine. The district court imposed a sentence of two years at hard labor, recommended that the defendant receive inhouse substance abuse treatment, and denied a timely motion for reconsideration of sentence. The defendant appealed, arguing that his sentence is excessive. This argument is without merit.

DISCUSSION
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La. C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. *1183 Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864; State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988). Contrary to the defendant's argument on appeal, the record indicates the trial court adequately considered the guidelines in formulating an appropriate sentence for this particular defendant.
The second prong of the test to determine whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra.
A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La. App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, a reviewing court may not set aside a sentence. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158.
Prior to imposing sentence, the district court considered a presentence investigation (PSI) report and noted that the defendant had received a reduction of the charge through his plea bargain. Just several months before committing the instant offense, the defendant had been arrested for possessing cocaine with intent to distribute. The court also stated that it had considered the PSI report's information concerning the defendant's social history, health, education and employment record.
On this record, we do not find constitutional error. At the time of this offense, the defendant was 18 years old. At the time of sentencing, he had fathered three children from three different relationships, did not pay child support and lived in a house owned by his great-grandmother. He had completed the tenth grade, was in good health, and had worked for a total of two months at gainful employment. As originally charged, the defendant faced a sentencing exposure of no less than five years and no more than thirty years, with the first five years to be served without benefit of parole, probation, or suspension of sentence. The offense of conviction does not adequately describe the defendant's criminal conduct. Even though he previously had been charged with possession of cocaine with intent to distribute, he received a substantial reduction in sentencing exposure through his plea bargain which decreased his maximum possible imprisonment to five years with benefit of parole, probation and suspension of sentence. The sentence imposed is lawful and is in the lower portion of the range available to the district court. It is neither grossly disproportionate to the severity of the offense nor, considering all the facts and circumstances of the case, is it shocking to our sense of justice. There is no showing of an abuse of the district court's discretion in the imposition of this sentence *1184 which is not constitutionally excessive.

CONCLUSION
For the reasons stated above, the conviction and the sentence of the defendant, Lamarius Johnson, are affirmed.
AFFIRMED.