JjMOORE, J.
Steve King Edison was charged by bill of information with two counts of vehicular homicide and two counts of first degree vehicular negligent injuring, La. R.S. 14:32.1, 39.2. Pursuant to a plea bargain, the state agreed to dismiss the latter charges, as well as a charge of DWI-first offense, in exchange for Edison’s guilty plea to the two counts of vehicular homicide. The district court accepted the plea bargain and sentenced Edison to concurrent terms of 14 years at hard labor, with the first year to be without benefits. The court denied a timely motion to reconsider sentence. Edison now appeals, urging only that the sentence is excessive. We affirm.
Shortly after 2:00 a.m. on February 24, 2001, Edison was driving his Chrysler Fifth Avenue east on Bert Kouns when he ran a red light and struck an Oldsmobile Cutlass going south on Walker Road. The impact was great, as the Cutlass spun around twice before coming to rest 400 feet away. Twelve-year-old Anthony Du-vall, who was riding in the rear seat of the Cutlass, was pronounced dead at the scene. His mother, Lisa Duvall, who was in the middle of the back seat, was taken to LSU Medical Center, where she died the next day. Two other occupants of the Cutlass, Nicole Duvall and Carol Hawkins, were sent to the hospital with injuries from which they recovered. Edison admitted to witnesses and police officers at the scene that he had drunk several beers and some scotch in the two hours before the accident. Based on a blood sample taken two hours after the accident, his blood alcohol content was .11%.
Appellate review for excessiveness is two-pronged. First, the record must show that the district court took cognizance of the criteria set forth in | j>La.C.Cr.P. art. 894.1. The court is not required to list every aggravating or mitigating circumstance as long as the record reflects an adequate consideration of the guidelines. State v. Smith, 433 So.2d 688 (La.1983); State v. Loyd, 35,637 (La.App. 2 Cir. 2/27/02), 810 So.2d 1214. The goal of Art. 894.1 is the articulation of a factual basis for sentence, not a rigid or mechanical recitation of factors. When the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even in the absence of full compliance with the article. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Johnson, 35,-908 (La.App. 2 Cir. 4/3/02), 813 So.2d 1180. There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App. 2 Cir. 3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385; State v. Loyd, supra.
Edison concedes in brief that the district court found about an equal number of aggravating and mitigating factors but *143 urges that the court’s findings were wrong as to three items. First he challenges the court’s remark that he lacked remorse for his actions. The court acknowledged Edison’s words of apology (a handwritten letter is included in the record), but also noted that he asserted to probation and parole officers that the accident was unavoidable as he had to make a sudden lane change to avoid a left-turning car. The court was certainly entitled to treat this denial of responsibility as a lack of remorse. Edison next contests the court’s statement that he is not married, and thus a term of imprisonment would not entail excessive hardship on his dependents. Edison raised this point in his | ¡¡motion to reconsider, which the court denied without a hearing. According to the PSI, Edison is indeed married. The court’s misstatement of this fact is unfortunate but, on this record, does not alter the finding of no excessive hardship. The district court was justified in dismissing this claim on the motion to reconsider. Finally, Edison disputes the court’s statement that he must be “punished as an example to all that this type of conduct cannot be tolerated and will not go unanswered.” However, deterrence, both as to the defendant and to other persons, is a legitimate sentencing object. State v. Howard, 262 La. 270, 263 So.2d 32 (1972); State v. Green, 34,676 (La.App. 2 Cir. 5/9/01), 787 So.2d 505. On this record, we find adequate compliance with Art. 894.1 to support the sentence imposed.
The second prong of review is constitutional excessiveness. Whether a sentence is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Guzman, 99-1528 (La.5/16/00), 769 So.2d 1158; State v. Bradford, 29,519 (La.App. 2 Cir. 4/2/97), 691 So.2d 864. The district court has broad discretion to sentence within the statutory limits; absent a showing of manifest abuse of that discretion the appellate court will not set aside a sentence as excessive. State v. Guzman, supra.
Before imposing sentence, the court held a sentencing hearing and considered the admissible portions of the PSI. It stated that the sentence was based on the totality of the circumstances, including the deaths of two innocent people, conduct that exposed more than one person to a risk of danger, and significant and permanent economic loss to the victims’ families. In mitigation, the court stressed Edison’s clean prior record.
The penalty range for each count of vehicular homicide is two to 20 years at hard labor, with at least one year to be served without benefits. La. R.S. 14:32.1 B. The concurrent sentences imposed, 14 years, are within the statutory range and include the shortest possible time without benefits. Considering the gravity of the offenses and the benefit of the plea bargain, we cannot say that these sentences shock our sense of justice. We find no constitutional error.
We have reviewed the entire record and find nothing else we consider to be error patent. The convictions and sentences are affirmed.
AFFIRMED.