hBROWN, C.J.
Defendant, Rodney Gay, was indicted for second degree murder arising from the August 2001 homicide of Jerry George. After trial had commenced, defendant elected to enter a guilty plea to a reduced charge of manslaughter. The court sentenced defendant to serve 30 years at hard labor and denied a timely motion for reconsideration. On appeal, defendant argues that the sentence is excessive. We affirm the conviction and sentence.

Factual and Procedural Background

Defendant and the victim, Jerry George, were friends who were working together on an out-of-town construction project. The victim was dating defendant’s sister, Shuronda Gay. On the morning of August 16, 2001, the victim and Shuronda asked defendant if he wanted to ride with them to Walmart. The three rode to Walmart, to Citgo to get gas, and to the home of one of the victim’s friends. While there, an *854 argument ensued between the victim and Shuronda. Defendant intervened to stop the fight, at which point the victim started a fight with defendant. The victim and defendant reconciled, and the three drove back to Shuronda’s apartment on Deloach Street in Monroe, Louisiana. After they arrived, defendant and victim resumed their argument. The victim left the apartment and started walking east on Deloach Street. Defendant caught up with the victim on Miller Street and shot him nine times with a .22 caliber pistol. The victim was transported to LSU Medical Center where he died as a result of the gun shots.
| ^Discussion
A trial court has broad discretion to sentence within the statutory limits. When a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Green, 34,676 (La.App.2d Cir.05/09/01), 787 So.2d 505. This is particularly true when the offense involves violence against the victim’s person. State v. Landos, 419 So.2d 475 (La.1982). Absent a showing of manifest abuse of that discretion a reviewing court may not set aside a sentence. State v. Guzman, 99-1528, 99-1753 (La.05/16/00), 769 So.2d 1158.
Prior to imposing the sentence, the trial court considered a PSI report which detailed defendant’s social history, education, and employment record. The court noted that defendant, age 28, has five children. His record included prior convictions for distribution of cocaine, several misdemeanors, and one parole revocation. The report showed that defendant had been arrested in 2000 for simple battery, attempted aggravated assault with a firearm, and felon in possession of a firearm, but no record of the outcome was found. Defendant said that these were false charges filed by a former girlfriend which were dismissed after an investigation. Defendant conceded a conviction for misrepresentation during booking. The court noted that defendant had derived a substantial 13benefit from his plea bargain and that he had been on parole at the time of the homicide.
On this record, we do not find constitutional error. The sentence of 30 years at hard labor for manslaughter is a legal sentence. Defendant received substantial leniency from his plea agreement which reduced his exposure from a mandatory life sentence without benefit to a maximum of 40 years. The facts of the case and evidence of record would support a conviction of second degree murder. La. R.S. 14:30.1A(1). Considering the violent nature of the instant homicide, the sentence is neither grossly disproportionate to the severity of the offense nor, under the totality of the circumstances, is it shocking to our sense of justice. There is no showing of an abuse of the trial court’s broad sentencing discretion. Therefore, the claim of constitutional excessiveness is without merit.

Conclusion

For the reasons set forth above, we affirm defendant’s conviction and sentence.
AFFIRMED.