# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 21-590

**STATE OF LOUISIANA**

**VERSUS**

**SOLOMON BURKE GUILLORY, JR.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 114551-F
HONORABLE C. RANDALL WEST, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## VAN H. KYZAR
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Billy Howard Ezell, Van H. Kyzar, and Candyce G. Perret, Judges.

**AFFIRMED.**

**Dayal Reddy**
**Attorney at Law**
**2901 Ridgelake Dr. Suite 105**
**Metairie, LA 70002**
**(504) 484-9040**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Solomon Burke Guillory, Jr.**

**Hon. Trent Brignac**
**District Attorney**
**Julhelene E. Jackson**
**Assistant District Attorney**
**13th JDC**
**P. O. Drawer 780**
**Ville Platte, LA 70586**
**(337) 363-3438**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**KYZAR, Judge.**

Defendant, Solomon Burke Guillory, Jr., seeks review of his sentences following his convictions for the offenses of possession of cocaine, possession of marijuana, and possession of tramadol. For the reasons set forth herein, we affirm the sentences imposed by the trial court.

## FACTS AND PROCEDURAL HISTORY

This matter is before this court on direct appeal for the second time. In *State v. Guillory*, 20-353 (La.App. 3 Cir. 5/12/21), 318 So.3d 368, we reversed Defendant's convictions for possession with intent to distribute cocaine and possession with the intent to distribute marijuana, rendered convictions of possession of cocaine, in violation of La.R.S. 40:967, and possession marijuana, in violation of La.R.S. 40:966, and remanded his case to the trial court for re-sentencing. We also affirmed Defendant's conviction and five-year sentence, including a fine of $2,500.00, for possession of tramadol, in violation of La.R.S. 40:969. *Guillory*, 318 So.3d 368.

On June 21, 2021, the trial court held a re-sentencing hearing and sentenced Defendant to two years at hard labor and a $2,500.00 fine for possession of cocaine, to run consecutively to his tramadol sentence, and fifteen days and a $300.00 fine for possession of marijuana, to run concurrently with his sentence for possession of cocaine. However, the trial court recalled the monetary fines and amended the sentences "to where [Defendant] is not paying any fines on the possession of crack cocaine and no fines on the marijuana." Defendant did not file a motion with the trial court for reconsideration of his sentences for these offenses.[1]

---

[1] In March 2020, the State filed a bill of information charging Defendant as a habitual offender. That matter is pending in the trial court at this time.

1

Defendant is now before this court requesting an errors patent review and further asserting that his sentences are excessive, including his sentence for possession of tramadol.

## ERRORS PATENT

All appeals are reviewed for errors patent on the face of the record in accordance with La.Code Crim.P. art. 920. After reviewing the record, we find no errors patent.

## DISCUSSION

In his sole assignment of error, Defendant asserts that his sentences are excessive and illegal when considering "the negligible amount of alleged contraband allegedly attributed to his possession." The stipulated amount of contraband, as contained in the Acadiana lab report, described "3.5 grams of marijuana, 2.6 grams of cocaine, and 10 pills of Tramadol." Defendant argues that these amounts do not require a punishment of maximum and consecutive sentences, as was issued by the trial court. Defendant asserts that the trial court abused its discretion in issuing these sentences because the record does not reflect that he is the worst kind of offender, and, further, that certain facts should have been given additional consideration in mitigating his sentences. First, Defendant claims his record does not reflect any violent criminal history. Second, the record does not reflect that Defendant violated requirements of probation from his previous guilty pleas. Third, Defendant has training and experience to be employed lawfully as a tax-paying professional. Considering these mitigating facts, Defendant requests this court "reverse and vacate his consecutive sentences of two years for crack cocaine, five years for tramadol, and fifteen days – concurrently – for marijuana to

be reversed and rendered to sentences of probation because the maximum sentence by the trial court is excessive."

The State counters Defendant's arguments and asserts that the sentence is not unconstitutionally excessive. The State notes that the trial court considered a pre-sentence investigation report, which provided information on Defendant's criminal record, the nature of any offenses allegedly committed, disposition of criminal charges, and any probation/parole record. The State also notes that the trial court found Defendant's offenses to be of such a nature that endangers the public, and Defendant was given an opportunity to, and did, provide mitigating factors for the trial court to consider. The State concludes by asserting the trial court imposed a sentence that was specific to Defendant's background and the facts of the case. According to the State, the sentence is within the statutory limit and is in compliance with guidelines contained La.Code Crim.P. art. 894.1.

This court has previously ruled on Defendant's excessive sentence claim for possession of tramadol and affirmed the conviction and sentence. *Guillory*, 318 So.3d 368. Therefore, we will not consider this claim again.

Louisiana Code of Criminal Procedure Article 881.1 provides the mechanism for preserving the review of a sentence for appeal, and in felony cases, requires the filing of a motion to reconsider the sentence within "thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence[.]" La.Code Crim.P. art. 881.1(A)(1). The motion, whether orally or in writing "shall set forth the specific grounds on which the motion is based." La.Code Crim.P. art. 881.1(B).

> Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the

3

state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

La.Code Crim.P. art. 881.1(E).

Defendant's failure to make or file a motion to reconsider sentence can preclude him from appealing his sentence. *State v. Duplantis*, 13-424 (La.App. 3 Cir. 11/27/13), 127 So.3d 143, *writ denied*, 14-283 (La. 9/19/14), 148 So.3d 949. However, this court has previously reviewed claims of excessiveness where no motion to reconsider sentence was filed or objection made, performing a bare excessiveness review. *State v. Debarge*, 17-670 (La.App. 3 Cir. 2/7/18), 238 So.3d 491. We choose to do so here.

We note, as provided in La.Code Crim.P. art. 779, that Defendant's misdemeanor conviction for possession of marijuana, under La.R.S. 40:966, would not normally be triable by a jury, and, therefore, would not be reviewable on appeal. However, we will review this sentence here, as Defendant was originally charged and convicted of a felony, but on appeal, this court entered a misdemeanor conviction and remanded the case for resentencing, along with the conviction for possession of cocaine. Accordingly, Defendant's sentence is still entitled to review. Louisiana Code of Criminal Procedure Article 912.1 states, "The defendant may appeal to the court of appeal from a judgment in a criminal case triable by jury[.]" At the time of Defendant's first appeal, he was appealing the judgment of a criminal case that was triable by jury. For this matter, we look to *State v. Norman*, 20-142, pp. 8-9 (La.App. 5 Cir. 12/30/20), 310 So.3d 287, 294, *writ denied*, 21-150 (La. 4/7/21), 313 So. 3d 983, in which the fifth circuit held:

> In the instant matter, Defendant was charged in the same bill of information with armed robbery (count one); illegal possession of stolen things valued at between $5,000 to $24,999 (count two); and aggravated flight from an officer in (count three). Trial commenced before a 12-person jury on October 28, 2019, and concluded the

4

following day. Even though this case involves a misdemeanor conviction, we find that the matter is appealable because Defendant's charge as to count two was a felony that was "triable by a jury." *See State v. Armant*, 02-907 (La. App. 5 Cir. 1/28/03), 839 So.2d 271, 273 (where this Court noted that although the case involved the defendant's misdemeanor convictions, the matter was still appealable because it was triable by a jury); *State v. Gaubert*, 15-774 (La. App. 4 Cir. 12/9/15), 179 So.3d 982, 987, *writ denied*, 16-1579 (La. 1/23/17), 215 So.3d 681 (the Louisiana Fourth Circuit noted that it had jurisdiction over the defendant's appeal from her misdemeanor conviction because the defendant was charged and tried for a felony that was "triable by jury").

Accordingly, we will review whether Defendant's sentences for both possession of cocaine and marijuana were excessive. In doing so, we look to the following guidelines regarding excessive sentence review, laid out by our jurisprudence:

> Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:
>
>> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, 958[, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996)].

*State v. Soileau*, 13-770, 13-771, pp. 4-5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005-06, *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261.

This court, in *State v. Baker*, 06-1218 (La.App. 3 Cir. 4/18/07), 956 So.2d 83, *writ denied*, 07-320 (La. 11/9/07), 967 So.2d 496, *and writ denied*, 07-1116 (La. 12/7/07), 969 So.2d 626, adopted the fifth circuit's three factor test from *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183, which established that an appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes when dealing with a claim of excessive sentencing. Since Defendant here is in fact asserting his sentences are excessive, we will review his claim under *Baker*, 956 So.2d 83.

Looking first to the nature of the crime, we note that this court held that Defendant must be sentenced under La.R.S. 40:967(C)(1), since the quantity of cocaine possessed was not determined. *Guillory*, 318 So.3d at 382. The sentencing range for possession of cocaine under this statute requires

6

imprisonment for not more than two years and the possibility of a fine of not more than five thousand dollars. As to possession of marijuana, this court has noted previously that, "[t]he record evidence indicates that Defendant possessed 3.5 grams of marijuana, which is clearly less than fourteen grams. Accordingly, no issue as to the applicable sentencing provision [La.R.S. 40:966(C)(2)(a),] is raised by the entry of a verdict of possession of marijuana." *Guillory*, 318 So.3d at 380. The sentencing range for possession of marijuana, under La.R.S. 40:966(C)(2)(a), requires the offender to be fined not more than three hundred dollars, imprisoned in the parish jail for not more than fifteen days, or both.[2] Thus, given that the court suspended the payment of any fines on both sentences, Defendant did not in fact receive the maximum sentences for either offense.

Regarding the nature and background of the offender, at the sentencing hearing, the trial court went over the presentence report and noted the following:

> [T]he presentence report reflects . . . that on November 10 2003 [sic] the Evangeline parish sheriff's office arrested him. He pled guilty in docket number 67181 to possession of a schedule one CDS. He was sentenced to serve six months in the parish jail. On two one two thousand and six [sic] Mamou Police Department arrested him. He pled guilty in docket number 71014 to possession of a scheduled [sic] two and resisting an officer and was sentenced to five years at hard labor, three years suspended, and he was placed on five years supervision. It's the presentence [sic] reflects that on April 19, 2009 the Texas Highway Patrol arrested the Defendant. He pled guilty to possession of marijuana over two hundred grams but less than four hundred grams. And he was sentenced to two years confinement. It's my understanding that on eight twenty eitht [sic] twenty ten the Houston Police Department arrested the Defendant. He pled guilty to unlawful possession of a dangerous drug. He was sentenced to ten days confinement. It's my understanding . . . from the PSI that on two eight twenty eleven he was arrested again by the Evangeline Parish

---

[2] Louisiana Revised Statutes 40:966(C)(2)(a) was amended by Act 247, effective on August, 1, 2021, which changes the sentencing range for possession of marijuana. Specifically, as of August 1, 2021, "the offender shall be fined not more than one hundred dollars[,]" and can no longer be jailed.

In the case at hand, Defendant was re-sentenced in June 2021, prior to the amendment, at which time La.R.S. 40:966(C)(2)(a) stated that "the offender shall be fined not more than three hundred dollars, imprisoned in the parish jail for not more than fifteen days, or both."

Sheriff's Office, pled guilty in docket 90708 the possession of marijuana second offense and was sentenced to four years hard labor. In May of 2012 he was arrested by the Evangeline Parish Sheriff's office. He pled guilty in docket number 91807 to possession with intent to discribute [sic] marijuana and was sentenced to three years of hard labor. In January of 2013 the St. Landry Parish Sheriff's office arrested him and he pled guilty in docket number 13-0307-D to possession of marijuana and was sentenced to six months in the parish jail.

After reading the presentence report, the trial court heard testimony from Defendant's mother as a mitigation witness. Defendant's mother testified that her son has five children, and he provides for them. She also testified that her son did various kinds of work. "He worked at Walmart some years ago [and] he earned his air condition degree. . . . [H]e did . . . ship yard work . . . construction work where he would go off to like New York, Portland for like three or four months making like twelve thousand dollars a month[.]" Defendant's mother testified that her son made good money and had consistent work.

The trial court then listened to defense counsel's argument for mitigation of sentence. Defense counsel argued that Defendant has been a present father and contributed to his children's lives, had been trained in manual labor, and possessed consistent income. Defense counsel noted that there was no violence, no victims, and very small amounts of contraband. The trial court then allowed Defendant to speak on the record, and Defendant said, "Just asking your honor for mercy and have consideration that I am getting myself together and . . . I'm ready to get back home to my kids and provide for them."

In sentencing Defendant, the trial court noted that it studied the presentence investigation, listened to defense counsel's presentation of mitigating factors, and considered the matters, as well as the nature of the offense, in light of La.Code Crim.P. art. 894.1. The trial court made the following findings:

8

Mr. Guillory you are a repeat offender and your prior offenses show a history of not responding to correctional treatment. These are drug offenses which indanger [sic] the public. It's my understanding of the law, the law says that imprisonment must be imposed if there's a undo [sic] risk of commission of another crimes and based on the history it[']s obvious that your [sic] not going to . . . [d]esist in your way of life. Correctional treatment is most effective in an institution and confinement in an institution it seems to me is the only way to ensure that you won't continue your past conduct and a lesser sentence would . . . deprecate the seriousness if [sic] these offense [sic] considering discourage of [sic] drugs that and their damage [sic] the damage that they cause not only to people using them but to other people who are involved in their lives . . .

The final factor in the *Baker* analysis is a comparison of the sentences imposed for similar crimes. In reviewing sentences for similar cases for comparative analysis, we note that prior to July 31, 2017, the penalty for possession of cocaine was imprisonment without hard labor for not more than five years and, in addition, a possible fine of not more than five thousand dollars. Pursuant to Act 281 of the 2017 Louisiana Legislature, the penalty was changed to a maximum of two years and up to a five thousand dollar fine for possession of up to two grams of cocaine. Our review of comparative cases reveals that maximum or near maximum sentences have been imposed for similar cases and offenders.

In *State v. Gilmore*, 10-709 (La.App. 3 Cir. 12/8/10), 54 So.3d 146, this court affirmed the then-existing maximum sentence of five years for possession of cocaine for a defendant who was twenty-eight years of age at the time of sentencing and had already been sentenced for four felony convictions. His presentence investigation report revealed that he had an extensive arrest record, much like the case at hand, and that he had already benefitted greatly from having his original charges reduced by a plea agreement.

In *State v. Fairley*, 02-168 (La.App. 5 Cir. 6/26/02), 822 So.2d 812, the defendant received a sentence of five years at hard labor for his conviction for

9

possession of cocaine. The fifth circuit held that "Defendant did not receive the maximum sentence, since the trial judge did not impose a fine" and "[u]nder all of the circumstances in this case, particularly defendant's criminal history, we find that the trial judge did not abuse his sentencing discretion." *Id.* at 815-16.

In *State v. Williams*, 07-490 (La.App. 3 Cir. 10/31/07), 969 So.2d 744, this court affirmed a defendant's five-year sentence and a fifteen hundred dollar fine for possession of cocaine. This court held that the sentence was not excessive, noting that this was the defendant's third drug conviction and that defendant's plea to a lesser charge along with a waiver of a habitual offender status proceeding provided a significant benefit, saving the defendant from a potentially longer prison sentence.

In *State v. Johnson*, 35,908 (La.App. 2 Cir. 4/3/02), 813 So.2d 1180, the second circuit affirmed a two-year sentence for possession of cocaine. There, an agreement had been reached where the defendant was allowed to enter a guilty plea to the reduced charge of possession of cocaine. The trial court imposed a sentence of two years at hard labor, recommended that the defendant receive in-house substance abuse treatment, and denied a motion to reconsider. The defendant appealed and argued that his sentence was excessive. The second circuit affirmed the sentence and noted that the trial court considered a pre-sentence investigation report containing information about defendant's social history, health, education, and employment record. The second circuit also noted that just several months before committing the cocaine offense, the defendant had been arrested for possessing cocaine with intent to distribute.

Here, the record shows that Defendant is a repeat drug offender, who has been sentenced to terms of incarceration in the past for lengths of time greater than

10

the two-year-total period for both possession of cocaine and possession of marijuana offenses imposed here. Applying the factors from *Baker*, 956 So.2d 83, we do not find the sentences imposed here for the convictions to be excessive.

We next consider sentences imposed in similar cases to examine the potential for excessiveness of Defendant's fifteen-day sentence for the misdemeanor possession of marijuana. In *State v. Wade*, 53,979 (La.App. 2 Cir. 9/22/21) (unpublished opinion)[3], the defendant was found guilty of possession of a firearm by a convicted felon and also of a lesser drug offense, possession of marijuana, as opposed to possession with intent to distribute. The trial court ordered a presentence investigation, and during the sentencing hearing, the trial court noted the defendant was a second felony offender and had multiple prior misdemeanor convictions. The trial court sentenced the defendant to fifteen days in the parish jail on the possession of marijuana conviction. Additionally, the trial court ordered the defendant to pay a fine of $1,000.00 plus court costs and ordered the defendant to serve six months in the parish jail in default of payment. The defendant, while not appealing his conviction, appealed the part of his sentence in the event of default of payment of the fine. The second circuit affirmed his convictions but vacated that portion of the sentence ordering defendant to serve six months in jail in default of payment of the fine.

Based upon the record here, we cannot say the trial court abused its discretion in sentencing Defendant to the maximum jail sentence of fifteen days for possession of marijuana. As previously stated, this is not technically the maximum allowable sentence since Defendant was not ordered to pay any fine, much less the maximum fine. In addition, the sentence was ordered to be served concurrently

---

[3]The case is available in the Westlaw database at 2021 WL 4301798.

11

with the two years for possession of cocaine. While Defendant points to the general principle that "maximum sentences are reserved for the most egregious and blameworthy of offenders," Defendant's history of drug possession and as a repeat offender place him within that category for these offenses. *State v. LeBlanc*, 09-1355, p. 5, 10 (La. 7/6/10), 41 So.3d 1168, 1171, 1173. During sentencing, the trial court noted that it considered the offenses in light of the sentencing guidelines, under La.Code Crim.P. art. 894.1, but deemed that, since Defendant was a repeat offender and that his drug offenses endangered the public, any lesser sentence would deprecate the seriousness of these offenses. Therefore, we conclude that the trial court did not abuse its discretion, and Defendant's sentences for possession of cocaine and possession of marijuana are affirmed.

## DECREE

For the reasons assigned herein, Defendant's sentence of two years at hard labor for possession of cocaine to run consecutively to his sentence for possession of tramadol with the intent to distribute, and fifteen days for possession of marijuana to run concurrently with his sentence for possession of cocaine are affirmed.

**AFFIRMED.**

12