691 So.2d 864 (1997)
STATE of Louisiana, Appellee,
v.
Terry Wayne BRADFORD, Appellant.
No. 29519-KA.
Court of Appeal of Louisiana, Second Circuit.
April 2, 1997.
*865 W. Charles Brown, Mansfield, for Appellant.
Richard Ieyoub, Attorney General, Don M. Burkett, District Attorney, Richard Z. Johnson, Jr., Assistant District Attorney, for Appellee.
Before NORRIS, WILLIAMS and GASKINS, JJ.
PER CURIAM.
The defendant, Terry Wayne Bradford, appeals as excessive his sentence to six years at hard labor, following his guilty plea to simple burglary. We affirm.

FACTS
In May 1995, the defendant accompanied his employer to the home of Louis Honc, to help repair a tractor. When Mr. Honc left, the defendant entered the house and took a diamond ring valued at $1,100.00 from the bedroom. He gave the ring to his sister who pawned it. When Mr. Honc discussed the missing ring with the defendant and the employer, the defendant stated that his sister pawned a ring for someone she did not know. Mr. Honc went to the pawn shop, identified his ring and learned that it had been pawned by the defendant's sister. When confronted, the defendant admitted taking the ring.
The defendant was originally charged with simple burglary of an inhabited dwelling. He was allowed to enter a guilty plea to simple burglary, a violation of La.R.S. 14:62. The trial court sentenced the defendant to serve six years at hard labor, to be served consecutively with any other sentence that might be imposed upon the defendant. The trial court also denied a timely motion for reconsideration filed on behalf of the defendant. The defendant now appeals, arguing that the sentence imposed is excessive and arguing that the trial court did not adequately comply with the provisions of La.C.Cr.P. art. 894.1 in imposing sentence.

DISCUSSION
A trial court has wide discretion to sentence within statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Thompson, 25,583 (La.App. 2d Cir. 1/19/94), 631 So.2d 555. The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show adequate consideration of the criteria set forth in La.C.Cr.P. art. 894.1. State v. Smith, 433 So.2d 688 (La. 1983). The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects adequate consideration of the guidelines of the article. State v. Smith, supra; State v. Gene, 587 So.2d 18 (La.App. 2d Cir.1991), writ denied, 604 So.2d 993 (La.1992). The articulation of the factual basis for the sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Remand is unnecessary when a sufficient factual basis for the sentence is shown. State v. Lanclos, 419 So.2d 475 (La.1982). Important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981).
The second inquiry concerns whether the incarceration is too severe considering the circumstances of the case and the background of the defendant. A sentence violates La. Const. Art. 1 § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Gene, supra. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989).
*866 A substantial advantage obtained by means of a plea bargain, such as a reduction of the charge where the evidence shows the offender is guilty of the more serious offense originally charged, is a legitimate consideration in sentencing. State v. Smack, 425 So.2d 737 (La.1983).
A trial court is not required to render a suspended sentence or probation for a first (or qualifying second) felony offense. The court may consider whatever factors and evidence are deemed in the best interest of the public and the defendant. State v. Strange, 28,466 (La.App. 2d Cir. 6/26/96, 677 So.2d 587; State v. Woodman, 28,004 (La. App. 2d Cir. 1/24/96), 666 So.2d 1255, writ denied, 96-0489 (La. 5/3/96), 672 So.2d 696.
The present record clearly shows adequate compliance with La.C.Cr.P. art. 894.1. The trial court considered the presentence investigation report (PSI) containing information about the required factors such as the defendant's personal history, prior criminal record, seriousness of offense and likelihood of rehabilitation. In pronouncing sentence, the court noted that the defendant was 27 years old and was a second felony offender, with a 1992 guilty plea to middle grade theft. He was placed on two years supervised probation which was extended in 1994 and was revoked in 1995 following the defendant's conviction for simple battery.
The sentencing court determined that there were no mitigating factors in this case, finding that there was no provocation for the present offense and no grounds which would justify the defendant's behavior. The court stated that the present offense is of the same type for which the defendant was previously convicted and placed on probation. The court found that the defendant was likely to engage in further criminal conduct, that the defendant was unlikely to respond affirmatively to probation and there was an undue risk that the defendant would commit another offense. The court found that the defendant was in need of correctional treatment.
Based upon this record, the sentence imposed by the court is not too severe. The defendant's sentence to six years at hard labor is one-half of the maximum sentence which may be imposed for the offense of simple burglary. This mature, second felony offender has a history of unauthorized entry and theft, and was unsuccessful during a prior period of probation. Under these circumstances, the mid-range sentence does not shock the sense of justice and therefore, is not unconstitutionally excessive.
We have reviewed the record for error patent and have found none.

CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, Terry Wayne Bradford.
AFFIRMED.