h GASKINS, J.
The defendant, Orlando Brown, was convicted as charged of possession of cocaine, a violation of La. R.S. 40:967(C), and possession of marijuana with intent to distribute, a violation of La. R.S. 40:966(A)(1). On the cocaine charge, the defendant received a sentence of 18 months at hard labor. As to the marijuana charge, the trial court imposed a concurrent sentence of five years at hard labor, plus court costs or 60 days in jail; however, the hard labor sentence was suspended and the defendant was placed on supervised probation for five years. The defendant appeals. We affirm his convictions and sentences.
FACTS
On September 23, 1998, members of the Shreveport Police Department’s Street Level Narcotics Intervention Unit were patrolling known distribution locations. The agents were driving with the windows down when they detected the odor of burning marijuana. They stopped at the intersection of Dowdell and Oakdale, and observed a group of men on the porch of a nearby house. The agents approached the men and noticed a smoldering marijuana cigar and marijuana residue on the porch table.
One of the men — the defendant — admitted that he owned the marijuana. He was placed under arrest for possession of marijuana and informed of his Miranda rights. Wflien asked, he gave the officers permission to search the interior of his house for additional contraband. During the search, the officers found a shoe box containing nine pouches of marijuana and a $10 bill. *850 Discovered on a bookcase were 11 small plastic bags of marijuana, a matchbox with a rock of cocaine, and a plastic bag containing 20 to 30 smaller plastic bags. According to the narcotics agents, these bags were the sort commonly used to package marijuana and which would sell for $10 on the street. In total, the police recovered | ^approximately 55 grams of marijuana and 0.2 gram of cocaine. The officers recovered two handguns from a bedroom.
After acknowledging that he understood his rights, the defendant admitted ownership of the drugs and the weapons. He told the officers that the marijuana was for sale while the cocaine was for personal use. Field tests on the suspected drugs gave positive results. The defendant was arrested for possession of marijuana with intent to distribute and possession of cocaine. At the police station, he gave a statement in which he asserted that he had begun selling marijuana recently after losing his construction job. By his estimate, he had sold about an ounce. (According to the testimony of a narcotics agent, depending upon packaging, that could be 10 to 20 of the $10 bags.) The defendant also claimed that he smoked more than he sold.
Following a jury trial, the defendant was convicted as charged on both counts. For the offense of possession of cocaine, the defendant was sentenced to 18 months at hard labor; the trial court ordered that this sentence be served concurrently with any other. On the charge of possession of marijuana with intent to distribute, the court imposed a sentence of five years at hard labor. However, this sentence was suspended, and the defendant was placed on probation for five years with the following special conditions: completion of a drug treatment program; payment of a $500 fine; no association with gang members, drug dealers or known felons; and payment of court costs or 60 days in jail. Subsequently, the court ordered that the defendant serve 60 days in jail in lieu of payment of the fine and costs.
The defendant appeals.
SUFFICIENCY OF EVIDENCE
In his first assignment of error, the defendant contends that the evidence presented at trial was insufficient to convict him of possession of marijuana with | aintent to distribute. He asserts that, at most, the evidence demonstrated that he was guilty only of possession of marijuana which he intended for personal use.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333; State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir.1992), writ denied, 605 So.2d 1089 (La.1992).
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La. App.2d Cir.9/25/98), 719 So.2d 610, writ denied, 98-2723 (La.2/5/99), 737 So.2d 747.
To support this conviction, the state has the burden of proving that the defendant possessed the marijuana with intent to distribute it. La. R.S. 40:966; State v. Tyler, 544 So.2d 495 (La.App. 2d Cir.1989). The test for determining *851 whether intent to distribute exists in a particular case includes five factors: (1) packaging in a form usually associated with distribution; (2) evidence of other sales or attempted sales by the defendant; (3) a large amount or quantity of the drug such as to create a presumption of intent to distribute; (4) expert or other | ¿testimony that the amount was inconsistent with personal use; and (5) the existence of any paraphernalia, such as baggies. State v. House, 325 So.2d 222 (La. 1975); State v. Lowery, 609 So.2d 1125 (La.App. 2d Cir.1992), writs denied, 617 So.2d 905 (La.1993). Testimony of street value and dosage units of the drug also is relevant to the issue of intent. State v. Tornabene, 337 So.2d 214 (La.1976).
The evidence presented at trial, viewed in the light most favorable to the prosecution, showed that the defendant possessed about two ounces of marijuana. It was packed in small, black plastic baggies commonly used in drug trafficking. Also present were additional baggies of the same size. The defendant candidly admitted the marijuana was for sale, even if he had used some of it himself. The testimony of one of the police officers on cross-examination that, over time, one person could éventually use all of the drugs in no way detracts from the conclusion that these drugs were for sale. The state’s evidence supports the conviction beyond a reasonable doubt.
This assignment of error lacks merit.
EXCESSIVE SENTENCE
The defendant argues that the sentence of 18 months for possession of cocaine was excessive. In support of this contention, the defendant asserts that he was a low-level street dealer who cooperated with the police and confessed his culpability. He also contends that he used more than he sold and that he only began selling drugs due to loss of his employment. He further points out that he was found to have only one rock of cocaine in his possession. Thus, he maintains, any sentence but probation on the cocaine possession charge would be excessive. We disagree.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria' set forth in La. C.Cr.P. art. 894.1. The trial judge is not |,¿required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864; State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988).
The second inquiry concerns whether the sentence imposed is too severe considering the circumstances of the case and the background of the defendant. A sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. *852 Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra.
A suspended sentence is not mandated simply because a defendant is a first felony offender. State v. Woodman, 28,-004 (La.App.2d Cir.1/24/96), 666 So.2d 1255, writ denied, 96-0489 (La.5/3/96), 672 So.2d 696.
IfiThe record supports the sentence imposed upon the defendant. Faced with a maximum sentencing exposure of five years at hard labor on the charge of cocaine possession, the defendant received a sentence of slightly less than one third of that. Although he had no juvenile record and only a misdemeanor conviction for remaining after forbidden, he was awaiting trial on a charge of attempted second degree murder. He has a tenth grade education and claimed to have been a member of the “Blood” gang from the third grade until the age of 14. The 21-year-old defendant has two children, ages seven and one; however, the record does not indicated whether he was married to their mother(s) or supported the children. The probation officer recommended against probation because of the defendant’s heavy drug use and the serious charge pending against him. The probation officer also recommended against placing the defendant in the IMPACT program due to his former gang affiliation and drug dealing.
There is no showing of abuse of discretion. The sentence is in the lower sentencing range for the offense and does not shock our sense of justice.
This assignment of error is also merit-less.
ERROR PATENT
The court failed to notify the defendant that he has only two years within which to apply for post conviction relief under La. C.Cr.P. art. 930.8. The court is directed to correct this error by sending written notice to the defendant within 30 days of the rendition of this opinion.
CONCLUSION
The defendant’s convictions and sentences are affirmed.
AFFIRMED.