I,GASKINS, J.
The defendant, Dennis Ray Green, appeals as excessive his sentence of 35 years at hard labor without benefit of parole, probation, or suspension of sentence following his conviction for armed robbery. For the following reasons, we affirm the defendant’s conviction and sentence.
*1209 FACTS
On September 18, 2001, the defendant entered the One-Stop Liquor Store in Bas-trop, Louisiana, armed with a revolver, and demanded money from the store clerk. The defendant threatened the clerk with the weapon and took more than $224 in cash from the register. The entire episode was recorded on videotape. The defendant was arrested the next day and gave a confession. He also admitted that he had stolen the revolver in a burglary on the day before the instant offense. The gun was later recovered.
The defendant was charged with one count of armed robbery and was tried by a jury. He was convicted as charged on March 20, 2002. On August 6, 2002, the defendant was sentenced to serve 35 years at hard labor, without benefit of parole, probation, or suspension of sentence. Credit was given for time served and the defendant was informed of the applicable delays for filing for appeal and for post-conviction relief. The defendant’s motion to reconsider the sentence was denied by the trial court. The defendant appealed.
DISCUSSION
The defendant asserts that the sentence imposed was unduly harsh and excessive under the circumstances of this case. He also urges that the trial court failed to sufficiently articulate and consider the guidelines of La. |?0. Cr. P. art. 894.1 in fashioning the sentence. These arguments are without merit.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
Prior to imposing sentence, the district court considered a presentence investigation report which provided detailed information concerning the defendant who, at the time of sentencing, was 39 years old. The defendant, one of 14 children, was a fifth felony offender. He had two prior convictions for third-degree robberies in Oregon, one conviction for first degree sexual abuse in Arkansas, and a conviction for conspiracy to commit forgery. The defendant also had a series of misdemean- or convictions and had several counts of simple burglary still pending against him. He had been on probation when he committed the instant offense. The court noted that the defendant said he had a drug problem for many years, but otherwise there was nothing remarkable in his social history.
13The court determined that a lesser sentence would deprecate the seriousness of the offense, opining that the defendant is a career criminal and among the worst offenders the court had ever seen. The court also noted that because the charged offense carries a mandatory minimum sentence without benefit of probation, parole, or suspension of sentence, the defendant did not qualify for probation or suspension of sentence.
Our review of the record discloses that the trial court adequately considered the guidelines of La. C. Cr. P. art. 894.1 and articulated a factual basis for the sentence imposed.
*1210 The second test is whether the sentence imposed is too severe depending on the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra.
On this record, we do not find constitutional error. The defendant, a fifth felony offender, has a history of robbery-related offenses which have escalated. He is married and has two children by two different women. Although the defendant is a high school graduate and claims to have skills in construction and heavy equipment operation, his last significant Lemployment was a six-month period at a car dealership in 2000. He was on supervised probation when he committed the instant offense.
For the offense of armed robbery, the defendant faced a sentence of not less than 10 years nor more than 99 years at hard labor without benefits. The sentence imposed in this case is lawful and is barely more than one-third of what the trial court could have imposed. Given the circumstances of the case and the defendant’s history of committing robberies, the sentence imposed is neither grossly disproportionate to the severity of the offense nor shocking to our sense of justice. There is no showing of an abuse of the trial court’s discretion in the imposition of this sentence which is not constitutionally excessive.
CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, Dennis Ray Green.
AFFIRMED.