I,GASKINS, J.
The defendant, Cedric Lashun Little-berry, was charged with attempted armed robbery, conspiracy to commit armed robbery, illegal possession of stolen property, and armed robbery arising from two separate offenses. Pursuant to a plea bargain, the defendant pled guilty to attempted armed robbery and armed robbery. In exchange for those pleas, the state dismissed the other two charges and agreed not to charge the defendant as a habitual offender. The trial court imposed a sentence of 25 years at hard labor for the attempted armed robbery *1017 and a concurrent sentence of 40 years at hard labor, without benefits, for the completed offense.[1] After the denial of his timely motion for reconsideration, the defendant appeals his sentence as excessive. We affirm.
FACTS
On October 13, 1999, the defendant and a male companion, wearing ski masks, entered a Subway store in West Monroe. The cashier fled to the kitchen and locked the door. The defendant fired a shot from a silver-colored pistol through the door, forced it open and made the cashier, at gunpoint, open the cash box and register.[2] The defendant took about $320. As he left, he threatened to kill the cashier if she notified the police.
On December 11, 1999, again in West Monroe, the defendant confronted an employee of a fast food store as she was making a night bank deposit. He threatened her with a silver-colored handgun and demanded money. The victim drove away, but the defendant fired a shot at her. | a During her escape, the victim’s tires were blown out, apparently when she struck the curb at the bank. She abandoned her car at a supermarket and got a ride to the police station from bystanders. The defendant, who had followed her, tried to enter the victim’s locked car by hitting the window with the butt of his gun. However, the gun handle broke. He then shot out the window of the victim’s car. When the police responded, they apprehended the defendant behind the supermarket. The gun was found on the ground in the area where he was stopped. A computer check revealed it had been stolen.
Shortly thereafter, the police learned that the defendant’s girl friend had been involved in both robberies. She told investigators that she had driven the defendant and his companion to the Subway robbery and picked them up after the crime. She also admitted that she and the defendant had planned the second robbery and that she had acted as the driver of the getaway car. According to her, the defendant used the same gun in both crimes.
LAW
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance- so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641, |a The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. State v. Lanclos, 419 So.2d 475 (La.1982). Our review of the record discloses that it contains a more than adequate factual basis for the sentence imposed.
The second prong used to determine if a defendant’s sentence is excessive is to examine whether the sentence imposed is too severe depending on the circumstances of the case and the background of the defendant. State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864. A sentence violates La. Const. *1018 art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra.
DISCUSSION
Prior to imposing sentence, the trial court considered a PSI report which provided detailed information concerning the defendant who, at the time of sentencing, was 25 years old. His. adult record began at age 17 in 1994 with a conviction for misdemeanor theft, followed by a second misdemeanor theft conviction three months later. In 1995, he was convicted of unauthorized entry into an inhabited dwelling in Jonesboro and was placed on probation. However, this probation was revoked after the Rdefendant’s 1996 conviction for simple burglary, for which he received a four-year hard labor sentence. He was on parole at the time of the present offenses; his parole was subsequently revoked. The trial court noted that the defendant was a third felony offender who had never completed a term of probation or parole successfully.
The trial court then considered the facts of both incidents. The court noted that the victim of the completed robbery had been unable to hold employment since the incident. The defendant laid in wait for the second victim. His actions of firing shots at both victims evidenced a complete lack of regard for human life. He had shown no sign of remorse. The court stated its belief that the defendant was a dangerous person who had been preying on people his entire adult life.
On this record, we do not find constitutional error. The defendant, a third felony offender, obtained a substantial benefit from his plea bargain. Had he been charged as a repeat offender, he would have faced a minimum sentence of 66 years without benefits. The trial court granted extreme leniency by directing that the sentences be served concurrently. The defendant’s criminal history, which includes charges of battery, demonstrates a lack of regard for the property and safety of others. He committed the instant offenses without provocation or justification and has demonstrated a lack of ability to respond positively to rehabilitative efforts.
The sentences imposed are lawful and are half or less of the ranges which were available to the trial court. Under the totality of the circumstances of the case, we find the concurrent sentences imposed are ^neither grossly disproportionate to the severity of the offenses nor are they shocking to our sense of justice. There is no showing of an abuse of the trial court’s discretion in the imposition of these sentences which are not constitutionally excessive.
CONCLUSION
The defendant’s convictions and sentences are affirmed.
AFFIRMED.

. The trial court’s failure to state that the 25-year sentence will be served without benefits will be corrected automatically by operation of La. R.S. 15:301.1.

. The bullet fired through the door nearly struck the cashier in the head. In fact, the gunshot was so close that it burned her scalp and hair.