|, PEATROSS, J.
Defendant, Aldric L. Lathen, and two accomplices were charged with two counts of first degree murder and one count of armed robbery, the latter being a violation of La. R.S. 14:64 punishable by imprisonment at hard labor without benefits for no less than 10 to no more than 99 years. The State agreed to accept Defendant’s guilty pleas to two counts of armed robbery in exchange for his agreement to testify truthfully at the trial of his accomplices. The trial court accepted Defendant’s guilty pleas and subsequently sentenced Defendant to serve 65 years at hard labor on each count, with the sentences to be served concurrently.[1] Following the denial of his timely motion for reconsideration, Defendant argues that the sentences are excessive. For the reasons stated herein, we affirm.

DISCUSSION

On May 23, 1998, Defendant and two companions decided to rob a grocery store in Minden, Louisiana, and to leave no living witnesses. Defendant obtained a pistol and gave it to one of his companions before they entered the store where David An-stead, Sr. and his son, David Anstead, Jr., were working. Defendant acted as lookout while his companions shot and killed the Ansteads and took money from a cash register and a money box.
As previously stated, pursuant to a plea agreement, Defendant pled guilty to two counts of armed robbery and was sentenced to serve 65 years at hard labor on each count, to be served concurrently. He argues on appeal that his sentences are excessive.
LWhen, as here, a defendant’s motion for reconsideration urges merely that the sentence is excessive, he is relegated only to a claim of constitutional ex-cessiveness. State v. Mims, 619 So.2d 1059 (La.1993). Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992). A sentence violates La. Const. art. 1, § 20, if it is grossly out of propor tion to the seriousness of the offense or nothing more than a needless and purposeless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864. This inquiry depends on the circumstances of the case and the background of the defendant.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discre *1121 tion, this court will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
Prior to imposing sentence in the case sub judice, the court reviewed a presentence investigation report. The court noted the reduction of the charges and gave consideration to Defendant’s agreement to cooperate with the authorities and to testify at the trials of his accomplices. The court then | ¡¡considered the facts of the case and noted that Defendant was a principal to the robberies and murders and knew, prior to going into the store, that the victims would be killed.. Although Defendant was a first-felony offender, the court was of the opinion that a lesser sentence would deprecate the seriousness of the offenses.
On this record, we do not find constitutional error. The sentences are legal. Considering the facts of the case, including that Defendant helped plan the crimes, provided the weapon used and knew ahead of time that the victims would be killed, the sentence imposed is not grossly disproportionate to the severity of the offense or shocking to the sense of justice. We also note that the offenses to which Defendant was allowed to plead guilty do not adequately describe his criminal conduct. There is no showing of an abuse of the trial court’s discretion in the imposition of these sentences which, under the facts and circumstances of the case, are not constitutionally excessive.

CONCLUSION

For the foregoing reasons, the convictions and sentences of Aldric L. Lathen are affirmed.
AFFIRMED.

. The trial court failed to state that the sentences will be served without benefits. This error will be corrected automatically by La. R.S. 15:301.1.