907 So.2d 228 (2005)
STATE of Louisiana, Appellee
v.
Gregory D. WHITE, Appellant.
No. 39,745-KA.
Court of Appeal of Louisiana, Second Circuit.
June 29, 2005.
*230 Louisiana Appellate Project, by James Edward Beal, Jonesboro, for Appellant.
William Robert Coenen, Jr., District Attorney, Johnny R. Boothe, Penny Wise Douciere, Assistant District Attorneys, for Appellee.
Before WILLIAMS, STEWART and DREW, JJ.
DREW, J.
Convicted of distribution of cocaine and having pled guilty to being an habitual offender, Gregory White received a sentence of 15 years at hard labor without benefit of suspension of sentence or probation. The trial court ordered White's sentence to be served consecutively to a prior sentence. He appealed his conviction, objecting to the prosecutor's handling of voir dire and to the excessiveness of the sentence. We affirm in all respects.

FACTS
On January 20, 2003, Lt. Derrick Young and a confidential informant went to Vernestine Smith's house and asked to buy $40 of cocaine. Approximately 15 minutes after Smith made a phone call, White arrived and handed Smith three rocks of cocaine, which she sold to Lt. Young. The informant told Young the defendant's name. Young put the cocaine in an evidence envelope and delivered it to Deputy Sheriff Jeff Wright. Upon being shown White's driver's license photograph, Young identified the defendant as the man who had supplied the cocaine. The next day, Young again purchased cocaine from White at the same house.

DISCUSSION

Voir Dire
The district attorney asked each prospective juror if he or she could vote guilty if the state proved beyond a reasonable doubt that the defendant committed the crime. White complained that the question unfairly requested a commitment of conviction from the prospective jurors. The defendant asserted that the state did not ask "the reciprocal question" of whether prospective jurors would vote not guilty if the state failed to prove its case. Citing State v. Ball, 00-2277 (La.1/25/02), 824 So.2d 1089, cert. denied, 537 U.S. 864, 123 S.Ct. 260, 154 L.Ed.2d 107 (2002); and State v. Tilley, 99-0569 (La.7/6/00), 767 So.2d 6, cert. denied, 532 U.S. 959, 121 S.Ct. 1488, 149 L.Ed.2d 375 (2001), White averred the questions were improper.
The purpose of voir dire is (1) to determine the qualifications of prospective jurors by testing their competency and impartiality, and (2) to assist counsel in articulating intelligent reasons for exercise of cause and peremptory challenges. Ball, supra; Tilley, supra. The scope of voir dire is within the sound discretion of the trial judge and his rulings will not be disturbed on appeal absent a clear showing of an abuse of discretion. La. C. Cr. P. art. 786; Ball, supra; State v. Hall, 616 So.2d 664 (La.1993).
Voir dire does not encompass unlimited inquiry by defendant into all possible prejudices of prospective jurors, including their opinions on evidence, or its weight, hypothetical questions, or questions of law that call for any prejudgment *231 of supposed facts in the case. Ball, supra; Tilley, supra; State v. Thibodeaux, 98-1673 (La.9/8/99), 750 So.2d 916, cert. denied, 529 U.S. 1112, 120 S.Ct. 1969, 146 L.Ed.2d 800 (2000). A party interviewing a prospective juror may not ask a question or pose a hypothesis which would demand a commitment or prejudgment from the juror or which would pry into the juror's opinions about issues to be resolved in the case. Ball, supra; Thibodeaux, supra. A defendant waives review of irregularities in the selection of the jury when no objection is lodged in a timely manner. La. C. Cr. P. art. 841; Tilley, supra.
Both Ball, supra, and Tilley, supra, were capital murder cases. In Ball, the defendant claimed that the trial court erred by denying the defense cause challenges based on their responses that they would impose the death penalty for first degree murder. The supreme court upheld the trial court's ruling, noting that when a prospective juror has volunteered an opinion seemingly prejudicial to the defense, but on further inquiry demonstrates the ability and willingness to decide the case impartially according to the law and evidence, a challenge for cause is not warranted. In Tilley, the prosecutor improperly asked for the juror's commitment to a particular verdict during the guilt phase of the trial. The supreme court ruled that the trial court erred in overruling defendant's objection; however, that ruling was held not to be reversible error. Neither case is applicable to this issue.
Here, the state asked if a juror could vote guilty if the state proved the defendant's guilt beyond a reasonable doubt. It neither asked what the juror would vote nor solicited a promise or commitment regarding the verdict. The defendant failed to contemporaneously object. Even if he had, the questions posed by the state to each prospective juror were proper.

Excessiveness
The defendant argued the sentence was grossly disproportionate to the severity of the crime, and served no useful purpose.
A person convicted of distribution, dispensing, or possession with intent to produce, manufacture, distribute, or dispense cocaine or cocaine base or a mixture or substance containing cocaine or its analogues as provided in Schedule II(A)(4) of La. R.S. 40:964 shall be sentenced to a term of imprisonment at hard labor for not less than two years nor more than 30 years, with the first two years of said sentence being without benefit of parole, probation, or suspension of sentence; and may, in addition, be sentenced to pay a fine of not more than $50,000. La. R.S. 40:967(B)(4)(b). One adjudicated as a second felony offender shall be sentenced to a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction. La. R.S. 15:529.1(A)(1)(a). Any sentence imposed under the habitual offender law shall be without benefit of probation or suspension of sentence. La. R.S. 15:529.1(G).
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. Lingefelt, 38,038 (La.App. 2d Cir.1/28/04), 865 So.2d 280, writ denied, 04-0597 (La.9/24/04), 882 So.2d 1165.
The record does not reflect that defendant filed a motion to reconsider sentence. When a defendant fails to file a La. C. Cr. P. art. 881.1 motion to reconsider sentence, the appellate court's review is limited to the bare claim that the sentence *232 is constitutionally excessive. State v. Mims, 619 So.2d 1059 (La.1993); State v. Duncan, 30,453 (La.App. 2d Cir.2/25/98), 707 So.2d 164.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged.
First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App. 2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows that there is an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. See State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App. 2d Cir.4/2/97), 691 So.2d 864. There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App. 2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
The second prong focuses on the severity of the sentence, relative to the circumstances of the particular case and the background of the defendant. A sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Bradford, supra.
The trial court imposed the statutory minimum of 15 years at hard labor without benefit of probation or suspension of sentence after listing mitigating factors including the defendant's back disability and his need to care for his child. Before sentencing, the court asked the defendant about various charges listed in the pre-sentence investigation report, his family, education, and work experience. The trial court pointed out that the defendant was on probation for a 1998 possession of cocaine conviction at the time of the current offense. The trial court carefully followed the law in imposing a just sentence. The sentence imposed was not excessive.

DECREE
For the reasons stated, we find the defendant's complaints without merit. Voir dire was not improper and the sentence imposed was not excessive. The conviction and sentence are AFFIRMED.