GASKINS, J.
1 jThe defendant, Samuel K. Smith, was originally indicted for aggravated kidnapping. He entered an Alford[1] plea to attempted second degree kidnapping and was sentenced to 20 years at hard labor without benefit of probation, parole or suspension of sentence. The defendant appealed his sentence as excessive. We affirm.
FACTS
On September 15, 2004, at about 7:30 a.m., a young female jogger was running near the Ouachita River levee in Forsythe Park in Monroe. A man wearing a hooded sweatshirt and sunglasses ran up behind her and grabbed her. During the struggle, the assailant grabbed her breast. She was able to break away from him and knocked down his hood, allowing her to see his face. As she fled toward a friend’s house, the man appeared again and began running toward her.
A passing motorist saw the jogger’s predicament and pulled into the parking lot to come to her aid. The man got into a car and left the scene. The motorist took down his license plate number. The vehicle was determined to belong to the defendant. A hooded sweatshirt and sunglasses matching those worn by the man in the park were found at the defendant’s home. *974 Both the jogger and the motorist identified the defendant as the assailant in a photo line-up.
Following the defendant’s arrest, another woman came forward after seeing his photo on a news broadcast. This marathon runner reported that at about 7:00 a.m. on the day of the incident, she encountered the defendant |gwhile she was jogging in the same area. Although he was wearing a sweatshirt with the hood pulled up to try to cover his face, she was able to get a clear look at him. The man began to chase her and tried to grab her; however, she was able to outrun him. She identified the defendant in a photo line-up.
The defendant’s trial on aggravated kidnapping began on March 15, 2005. After opening statements, the defendant withdrew his plea of not guilty. He entered an Alford, plea to attempted second degree kidnapping. In return, the state agreed to dismiss a pending charge of conspiracy to escape and to not file an habitual offender bill. The state also agreed that it would not influence the trial court as to the defendant’s sentence beyond requesting that the sentence run concurrently with the defendant’s parole time. The defense joined with the state in moving to adopt the state’s opening statement as a factual basis for the plea.
In June 2005, the trial court sentenced the defendant to 20 years at hard labor without the benefit of probation, parole or suspension of sentence. The court also directed that the sentence run concurrently with any parole time. The defendant’s motion for reconsideration was denied.
The defendant appeals, contending that the sentence imposed was excessive.
LAW
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The 13articulation of the factual basis, for a sentence is the goal of La. C. Cr. P. art. 894.1, not a rigid or mechanical compliance with its provisions. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,-111 (La.App.2d Cir.3/1/00), 754 So.2d 392, 394, writ denied, 2000-1467 (La.2/2/01), 783 So.2d 385.
A defendant’s reduction in sentencing exposure through plea bargaining is a valid consideration in sentencing if the lesser offense does not adequately describe the defendant’s conduct. State v. Lanclos, 419 So.2d 475 (La.1982).
Second, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra.
*975 I ¿DISCUSSION
At the beginning of the defendant’s sentencing, the trial court reviewed the “innocent” account the defendant gave of his actions at the levee. He claimed that he had gone there to meet an old girlfriend. Because of this, he said he wore the hooded sweatshirt so he would not be recognized by anyone from his church or by friends of his wife. He asserted that his approaches were misconstrued by both of the women who claimed that he accosted them. As to the woman he grabbed, he asserted that he only reached out to tap her on the shoulder to ask if she had seen the girlfriend’s car and that she turned around and hit him. When he tried to fend her off, he claimed that he accidentally touched her breast. The trial court noted that the defendant’s account was completely different from the statements of all of the witnesses, including the passing motorist.
Prior to imposing the sentence, the court discussed several factors which were listed in the presentence investigation report. The court stated that the defendant is, at the very least, a fourth felony offender. He has convictions for unauthorized use of a movable, illegal possession of stolen things, issuing worthless checks, and five counts of simple burglary. Some of his burglaries involved churches and schools. The defendant had spent nine of the previous 11 years in jail. He had both probation and parole revocations. While working as a trustee for Troop A, he was arrested for theft of a camera. The court also noted that the defendant was 29 years old at the time of sentencing.
| ^Responding to the sentencing guidelines, the court found that there was an undue risk that the defendant would commit another crime. The defendant’s conduct threatened serious harm and he did not act under strong provocation. The court stated that the defendant was in need of correctional treatment and any lesser sentence would deprecate the seriousness of the offense. Additionally, the court found that the defendant received substantial benefit through the plea bargain process. The court noted that the defendant committed the present offense while he was on parole.
The trial court specifically considered the impact that the defendant’s incarceration would have on the defendant’s young son. Since the defendant had been in jail for most of the child’s life, the court found that any hardship would not be excessive.
The trial court also considered that the present offense was a crime of violence for which he had shown no remorse; in fact, he claimed that the witnesses were exaggerating and lying. In mitigation, the court stated that the defendant did not put the victim through the trial process.[2]
The trial court imposed a sentence of 20 years at hard labor without the benefit of probation, parole, or suspension of sentence. Considering the totality of the record, this sentence is not constitutionally excessive. The defendant is a multiple offender who, as the trial court observed, has spent most of his adult life in prison. Additionally, the defendant received substantial benefits as a result of the plea bargain agreement. We do not 1 fifind that the sentence imposed is grossly dispropor *976 tionate to the severity of the offense or that it is shocking to our sense of justice.
JUDGMENT CORRECTION
We note that the judgment committing the defendant to the custody of the Department of Corrections incorrectly states that the defendant pled guilty to “second degree kidnapping.” We order that it be corrected to reflect that he actually pled guilty to attempted second degree kidnapping.
CONCLUSION
The defendant’s conviction and sentence are affirmed.
AFFIRMED.

. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

. The defendant complains that the trial court improperly considered that the "victims ” were spared the ordeal of a trial, indicating that the court erroneously believed that he was charged with more than one offense. We note that the trial court granted the state's motion to allow testimony about the uncharged incident involving the marathon runner which was close in time and place to the offense against the young jogger.