GASKINS, J.
_jjThe defendant, Michael Bailey, appeals as excessive his sentence to 12 years at hard labor and a fine of $5,000.00 following his conviction of one count of aggravated incest. For the following reasons, we affirm the conviction and sentence.
FACTS
The victim was the defendant’s stepdaughter. She was seven or eight years old at the time of the offense. The child complained to her mother of pain in her genital area. When questioned by her mother, the victim said that the defendant had rubbed her “down there.” The defendant admitted the act to the victim’s mother. The mother took the victim to the hospital and contacted police. The victim told police that the defendant had touched her genitals on three separate occasions when her mother was not at home.
The defendant confessed to police that he had fondled the victim as she claimed. He was originally charged with three counts of aggravated incest. On October 31, 2005, pursuant to a plea agreement, the defendant pled guilty to one count of aggravated incest. In exchange for the plea, the other two charges were dismissed.
The sentence set forth above was pronounced on January 30, 2006. The defendant filed a motion to reconsider the sentence which was rejected by the trial court. The defendant then appealed his sentence, claiming it was excessive.
DISCUSSION
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show that the trial court tookRcognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not a rigid or mechanical compliance *97 with its provisions. A trial judge shall exercise his sentencing discretion to impose sentences according to the individualized circumstances of the offense and the offender. State v. Rogers, 405 So.2d 829 (La.1981). In tailoring the sentence to the individual, the important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
Second, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra.
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we may not set aside a sentence as excessive. State v. Guzman, 1999-1753 (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939.
The trial court reviewed the pre-sentence investigation (PSI) report and considered the defendant’s age. The defendant had a prior felony conviction in 1990 for aggravated battery.[1] The court noted as a mitigating factor that the defendant’s guilty plea spared the victim “the burden of having to testify” and that the defendant had made statements of remorse. The trial court noted the young age of the victim and the defendant’s abuse of his status as her stepfather. The court found that a lesser sentence would deprecate the seriousness of the crime and that the defendant was in need of correctional treatment. The trial court noted that the victim was in counseling as a result of the offense. No restitution for the costs of counseling was ordered because the expense was covered by insurance. The court also noted that the other two charges of aggravated incest were dismissed under the plea agreement, thereby greatly reducing the defendant’s potential exposure to imprisonment.
On this record, we find no abuse of the trial court’s discretion. The defendant benefltted from the dismissal of the other two charges for aggravated incest through the plea agreement. At the time of the commission of this offense, the penalty for aggravated incest was set forth in La. R.S. 14:78.1(D) as follows:
A person convicted of aggravated incest shall be fined an amount not to exceed fifty thousand dollars, or imprisoned, |4with or without hard labor, for a term not less than five years nor more than twenty years, or both.[2]
*98 The sentence of incarceration is in the mid-range of sentences that may be imposed for this offense. The sentence is lawful and is neither grossly disproportionate to the severity of the offense of conviction, nor is it shocking to our sense of justice. There is no showing of an abuse of the district court’s discretion in the imposition of this sentence.
CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, Michael Bailey.
AFFIRMED.

. After mentioning the aggravated battery, the trial court stated that the defendant had no prior felonies. Although aggravated battery is a felony, it appears from the PSI report that the defendant was only sentenced to 30 days.

. This statute was amended by La. Acts 2006, § 325 to increase the penalties to be imposed for victims under the age of 13. Because the amendment was not in effect at the time of the offense in this case, it is not applicable here.