958 So.2d 101 (2007)
STATE of Louisiana, Appellee
v.
Biyare HENDERSON, Appellant.
No. 42,204-KA.
Court of Appeal of Louisiana, Second Circuit.
May 23, 2007.
*103 William Jarred Franklin, for Appellant.
Paul Joseph Carmouche, District Attorney, Tommy Jan Johnson, Lea R. Hall, Jr., Assistant District Attorneys, for Appellee.
Before BROWN, WILLIAMS and DREW, JJ.
DREW, J.
Biyare Henderson was convicted of two counts of armed robbery with a firearm and sentenced to 20 years on each count, plus the five-year firearm-sentencing enhancement on each count. The court ordered each five-year term to be served consecutively with each 20-year sentence, for a total of 25 years per count at hard labor, without benefit of probation, parole, or suspension of sentence. Each 25-year sentence was ordered to be served concurrently with the other. The defendant appeals. We affirm.

FACTS
On May 13, 2005, Bobby Cane and the defendant robbed a customer and the personnel at Johnny's Pizza, located on Gilbert Avenue in Shreveport. As a former employee of the business, the defendant knew the layout and also knew the manager, Juan Dickson. Cane and the defendant, both armed, wore bandanas and hoods to cover their faces. A patron, Janis Summers, attempted to exit the restaurant. Cane grabbed her, brought her back into the store, then forcefully took her purse, after a struggle.
The defendant made his way to the back of the pizza parlor to Dickson's office by pushing a gun into Dickson's back, moving him along into the office. Once inside the office and without prompting,[1] Dickson knelt to open the safe.
Cane and the defendant fled with approximately $6,500 from the safe. Police quickly responded to the scene, promptly apprehending Cane, who gave up the defendant by:
 admitting his involvement in the robbery; and
 implicating the defendant in the crime.
An arrest warrant was issued for the defendant, who was arrested on June 15, 2005, after a foot chase with the police.
Cane and the defendant were both charged with two counts of armed robbery with a firearm (La. R.S. 14:64, La. R.S. *104 14:64.3). In exchange for his testimony against the defendant, Cane agreed to plead guilty to one count of first degree robbery.
After a jury trial, the defendant was convicted of both armed robbery counts and sentenced as noted above.

DISCUSSION
Sufficiency
The defendant argues that:
 the state failed to exclude every reasonable hypothesis of innocence;
 the evidence was insufficient to prove he was the person who committed the armed robberies of Janis Summers and Juan Dickson, who could not identify him despite the fact that the defendant had been previously employed at the restaurant for six to seven months;
 Danny Duddy, a crime scene investigator and expert witness for the state, examined the pistol used in the robbery and could not match Henderson's prints on the weapon, or anywhere else in the pizza parlor;
 the only connection between this defendant and the robbery of Dickson was the testimony of Bobby Cane, whose testimony should be viewed with suspicion because Cane received a sweet plea bargain in exchange for his testimony;[2]
 the state failed to prove that he robbed or was a principal to the robbery of Janis Summers because of Cane's testimony that he and the defendant never planned to rob any customers.
The state responds that:
 the facts demonstrate that a robbery took place at Johnny's Pizza, firearms were used, and the defendant was identified as one of the robbers;
 Cane and the defendant gave statements to the police in which they each admitted their participation in the incident; and
 in the absence of conflicting testimony, the attacks on Cane's credibility do not warrant a reversal of the defendant's convictions.
Our law on sufficiency is well settled.[3]
The evidence is crystal-clear and overwhelmingly sufficient to support a conviction for the armed robbery of Juan Dickson, who testified that:
 upon entering the restaurant, two robbers wearing hooded sweatshirts and bandanas on their faces yelled, "Don't move! This is a robbery!";

*105  one of the robbers walked directly to the back of the restaurant (where Dickson was located) to gain access to the safe;
 while he (Dickson) knelt on the floor to open the safe, the robber pointed a gun at his head and retrieved approximately $6,500 from the safe; and
 a robber who was a former employee of Johnny's Pizza would have been knowledgeable as to the safe's location.
Clifford Baldwin, another employee of Johnny's Pizza, testified at trial that:
 one of the robbers, armed with a revolver, walked through the kitchen and took the manager to the back of the restaurant; and
 he (Baldwin) could not see the other robber in the front of the restaurant because his view was blocked.
Bobby Cane testified that it was the defendant's plan to rob the restaurant. He also testified that the defendant secured the two guns used in the robbery, and that they rode the defendant's bike to the restaurant.
SPD Detective Rod Demery testified that during an interrogation, the defendant admitted:
 to being present at the robbery;
 that the robbery was Cane's idea;
 to having a gun and going to the back of the store to get money; and
 that he got the money from an individual named "Juan."
When viewed in the light most favorable to the prosecution, the evidence supports the jury's finding that the defendant was guilty, beyond a reasonable doubt, of the armed robbery of Juan Dickson.
Since the defendant did not directly commit the act of robbing Janis Summers, the question turns upon whether he was guilty of acting as a principal to her armed robbery. Pursuant to La. R.S. 14:24, all persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.
Only those persons who knowingly participate in the planning or execution of a crime are principals. State v. Pierre, 93-0893 (La.2/3/94), 631 So.2d 427; State v. Tolliver, 35,930 (La.App.2d Cir.5/8/02), 818 So.2d 310. Mere presence at the scene is not enough to "concern" an individual in the commission of the offense. State v. Pierre, supra; State v. Knowles, 392 So.2d 651(La.1980). An individual may only be convicted as a principal for those crimes for which he personally has the requisite mental state. State v. Pierre, supra; State v. Holmes, 388 So.2d 722 (La.1980).
The evidence, when viewed in the light most favorable to the prosecution, supports the jury's finding that the defendant was guilty, beyond a reasonable doubt, of acting as a principal to the robbery of Janis Summers. The defendant's bicycle was used to transport Cane and the defendant to Johnny's Pizza. The defendant was armed and present at the time of the crime and was aware of the fact that Summers was being robbed by Cane. He saw Cane snatch Summers's purse, and he neither said nor did anything to prevent it. Furthermore, Cane testified that the defendant planned the robbery and procured two guns to carry out the crime. We find that the evidence was sufficient for the jury to conclude that the defendant was a principal in the armed robbery of Summers.
Excessiveness
The defendant argues that:

*106  the sentences imposed are excessive in light of the defendant's youth and his previous attempts to obtain treatment at Caddo Correctional Center (CCC);
 while a juvenile at CCC, he had no disciplinary infractions and was enrolled in the Change the World Program, one lesson of which recommends acknowledging crimes, but the court used that against him as support for the excessive sentences imposed, and not as mitigating factors;
 the trial court failed to adequately consider his family history and other factors in the imposition of the sentences;
 the sentences shock the sense of justice and should be substantially reduced.
The state responds that:
 the sentences were not excessive;
 the court carefully considered the factors outlined for sentencing in La. C. Cr. P. art 894.1;
 the defendant pointed a gun to Juan Dickson's head during the commission of the crime and attempted to avoid arrest by the police;
 the trial court took the defendant's lengthy juvenile record and his combative relationship with his mother into consideration at sentencing; and
 the trial court acted in accordance with the law and carefully weighed all the circumstances necessary to particularize the sentences to the defendant.
Our law on review for excessiveness of sentencing is clear.[4]
The trial court more than adequately complied with La. C. Cr. P. art. 894.1 in imposing these sentences. The court considered the mitigating factors present, including that:
 he was reared without a father;
 he could not read and was a candidate for special education;
 he had previously been employed at Johnny's Pizza and Brookshires, and was attempting to make positive changes in his life;
 he was only 17 years old at the time of the crime;
 he had no infractions while at CCC; and
 the defendant's brother sees some good in him, as shown by his testimony *107 at the sentencing hearing, which requested mercy.
On the other hand, there were many aggravating factors, including:
 defendant's extensive juvenile record;
 that defendant pointed the gun at the manager's head as he struggled to open the safe;
 that the restaurant sustained a significant economic loss and was never reimbursed; and
 the police had to use physical force to restrain the defendant before he could be taken into custody.
Given the circumstances here, a 25-year sentence (approximately one-fourth of his maximum exposure) does not shock the sense of justice. Taking into consideration the defendant's juvenile record and his callousness toward Dickson's life, these sentences are not grossly disproportionate to the crime.
On this record, there is no constitutional error. There is no showing of an abuse of the district court's discretion in imposing these sentences.

DECREE
The defendant's convictions and sentences are AFFIRMED.
NOTES
[1] Except, of course, for the firearm, now pointed at his head.
[2] Cane originally faced a sentencing range of 15 to 104 years on each count, but after pleading guilty to one count of first degree robbery, he faced three to 40 years.
[3] The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Cummings, 95-1377 (La.2/28/96), 668 So.2d 1132. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Robertson, 96-1048 (La.10/4/96), 680 So.2d 1165. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Gilliam, 36,118 (La.App.2d Cir.8/30/02), 827 So.2d 508, writ denied, 02-3090 (La.11/14/03), 858 So.2d 422.
[4] The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating and mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La. 1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.

Second, a sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra.
A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939.