_JjGASKINS, J.
The defendant, Marqruaze L. Jackson, appeals as excessive his sentence to nine years at hard labor without benefit of parole, probation, or suspension of sentence following his plea of guilty to first degree robbery. We affirm the conviction and sentence.
FACTS
On December 7, 2001, an employee of a store in Pecanland Mall was entering her vehicle with a bank deposit when she was approached by a male assailant wearing a stocking over his head. The victim thought the man had a gun. He demanded the money and fled to a waiting car which was driven by another individual. The assailant took more than $1,900.
Witnesses gave a description of the getaway car, which was soon found abandoned nearby. Later, the car’s owner was located and admitted participating in the robbery by driving the getaway car. He identified the defendant as the robber and the mastermind of the robbery scheme. The defendant was arrested and charged with armed robbery.
Following his arrest, the defendant admitted that he planned and committed the robbery. However, he denied having a gun; he insisted that he pressed his fist into the victim’s chest to make her think he had a gun. On January 27, 2003, the defendant was allowed to enter a plea of guilty to the reduced charge of first degree robbery, a violation of La. R.S. 14:64.1.
On March 24, 2003, the defendant appeared before the court for sentencing. The court ordered that the defendant serve nine years at hard |2labor, without benefit of parole, probation, or suspension of sentence. He was given credit for time served and properly advised of the time delays for seeking an appeal or post conviction relief.
On March 28, 2003, the defendant filed a motion to reconsider, arguing that his sentence was excessive. The trial court denied the motion and the defendant now appeals his sentence.
DISCUSSION
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641.
The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864; State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988).
Prior to imposing sentence, the trial court reviewed a presentence investigation report and the facts of the case. The *992 court noted that the defendant was 21 years old and had an unremarkable family history. The defendant had no juvenile record and was a first felony offender. He had one arrest for shoplifting on which pretrial diversion was imposed. He had also been arrested for felony theft while attending Southern University, but there was no record of the disposition of the matter. In mitigation, the court noted that the defendant admitted his involvement in the present offense. The court recognized that the defendant was originally charged with armed robbery, which is an extremely serious crime. The court considered that the defendant received the benefit of a plea bargain agreement whereby he was allowed to plead guilty to the reduced charge of first degree robbery. According to the court, the defendant was more culpable in the present offense that his co-defendant, who drove the getaway car. Based upon these factors, the record shows that the trial court considered the criteria set forth in La. C. Cr. P. art. 894.1 in imposing this sentence.
The second prong of the test of whether the sentence imposed is too severe depends on the circumstances of the ease and the background of the defendant. A sentence violates La. Const, art. 1 § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a ^purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in fight of the harm done to society, it shocks the sense of justice. State v. Bradford, supra.
A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of discretion by the trial court, a reviewing court may not set aside a sentence. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158.
On this record, we do not find constitutional error. The maximum sentence for first degree robbery is 40 years at hard labor without benefit of parole, probation, or suspension of sentence. The sentence imposed is less than one-fourth of what could have been imposed. The court considered the defendant’s relative youth, his educational record, which included some time in college, his lack of criminal convictions, and his acceptance of responsibility for this offense. Considering the facts and circumstances of this case, the sentence imposed is neither grossly disproportionate to the severity of the offense of conviction nor shocking to our sense of justice. IsThe sentence was tailored to the offender and the offense and was not an abuse of the trial court’s sentencing discretion.
CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, Marqruaze Jackson.
AFFIRMED.