960 So.2d 1230 (2007)
STATE of Louisiana, Appellee,
v.
David Wayne SHARPLEY, Appellant.
No. 42,309-KA.
Court of Appeal of Louisiana, Second Circuit.
June 20, 2007.
Louisiana Appellate Project by W. Jarred Franklin, for Appellant.
*1232 J. Schuyler Marvin, District Attorney, John M. Lawrence, Charles Smith, Assistant District Attorneys, for Appellee.
Before STEWART, PEATROSS & DREW, JJ.
PEATROSS, J.
Defendant, David Wayne Sharpley, was originally charged with one count of first degree murder, a violation of La. R.S. 14:30. In exchange for a plea agreement, the State dismissed the murder indictment and filed a new charge of aggravated burglary under La. R.S. 14:60, and Defendant pled guilty to that charge. The trial judge sentenced Defendant to serve 30 years' imprisonment at hard labor. Defendant now appeals, urging only that his sentence is excessive. We affirm.

FACTS
At Defendant's plea hearing, he agreed that the following facts were accurate:
[O]n or about September 29th, 2002, at the location [of] 1502 Furry Place, Bossier City, Bossier Parish, Louisiana, [Defendant] did enter an inhabited dwelling owned by Maria Gavrock and while without authority he entered in the residence. While in there he did commit a battery on Ms. Gavrock and did commit a theft therein.
Ms. Gavrock was an elderly woman living with a bedridden housemate. Without testimony, the only details of the incident are from the presentence investigation (PSI), including a summary of a Bossier City Police Department ("BCPD") report. It states that Ms. Gavrock told police that a man who was unknown to her rang her doorbell and asked to use the telephone because his truck had broken down. When Ms. Gavrock let the man inside, the assault occurred and Ms. Gavrock remembered nothing else. She arrived at the hospital in critical condition, having multiple broken bones in her face and requiring a ventilator to breathe. She was released from the hospital after several months, but died shortly thereafter.
Although not contained in the records, Defendant appears to have been initially charged with aggravated robbery[1] under La. R.S. 14:64.4. After Ms. Gavrock's death, the State indicted him for first degree murder and notified him of its intent to seek the death penalty on the murder charge. These charges were dismissed subject to Defendant's plea agreement.
With his sentencing memorandum, Defendant submitted an undated forensic pathology "summary opinion" prepared by a Texas physician for Defendant's attorney. This physician's opinion is that Ms. Gavrock died from a heart attack related to a long history of arteriosclerosis, hypertension and diabetes and that the beating Ms. Gavrock suffered at the hands of Defendant did not contribute to Ms. Gavrock's death. The report indicates that, during her long hospitalization, Ms. Gavrock's blood pressure had been under better control than it had been during pre-crime visits. Further, the appellate record does not have a copy of the autopsy report conducted by parish authorities showing the cause of Ms. Gavrock's death.
In addition to allowing Defendant to plead to aggravated burglary, the State also agreed that any other pending charges would be dismissed. It agreed to a presentence investigation and not to file a multiple offender bill against Defendant. Pursuant to the plea agreement, his burglary sentence would run concurrently *1233 with another sentence Defendant was then serving in Webster Parish.
The trial judge sentenced Defendant to the maximum sentence of 30 years to run concurrently with any sentence he was already serving. Defendant filed a timely motion to reconsider sentence. He argued that he did not deserve the maximum sentence because (1) the pathology report submitted by the defense expert stated that Defendant was not responsible for Ms. Gavrock's death and (2) Defendant had shown remorse for his actions and accepted responsibility for his role in the crime. The trial judge denied the motion, and Defendant now appeals.

DISCUSSION
Defendant's sole assignment of error is that the sentence imposed is excessive for this offender and offense. The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La. App.2d Cir.1/28/04), 865 So.2d 284, writs denied, 04-0834 (La.3/11/05), 896 So.2d 57 and 04-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are Defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La. App.2d Cir.4/22/04), 873 So.2d 747, writ denied, 04-2606 (La.6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La. App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
Second, a sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
The trial judge reviewed Defendant's PSI and considered the relevant factors in determining his sentence. In addition to the facts described above, the PSI included a summary of an interview with Ms. Gavrock's daughter, Billie Johnson. Ms. Johnson said that her mother was beaten so badly that she was unrecognizable. Ms. Johnson related that the autopsy performed on her mother initially listed "heart attack" as the cause of her death; but, when the coroner was told of the beating Ms. Gavrock suffered, the coroner changed the official cause of death to "homicide." Ms. Johnson described the loss of her mother as a terrible blow to the *1234 family, especially considering the violence she had suffered, and her disbelief that Defendant had only been convicted of aggravated burglary. She expressed her hope that the Defendant receive the maximum sentence.
The trial judge further considered Defendant's personal history. As determined by the PSI, Defendant is a white male born on December 5, 1981. He completed the 10th grade of high school and had not earned a G.E.D. His last known employment was with an upholstery shop in 2000. He claimed to be married and the father of two children.
The trial judge particularly noted Defendant's substantial criminal history. Defendant had a significant juvenile record and a wide variety of adult offenses since 1999. Notably among the offenses, Defendant pled guilty to simple battery from a charge of second degree battery. He was also charged again with second degree battery, along with unauthorized entry of an inhabited dwelling. He pled guilty as charged to the latter charge and the former charge was dismissed. He was sentenced to a one-year suspended sentence with 18 months' supervised probation. The probation was allowed to expire despite Defendant's failure to comply with its terms. Defendant was also charged with possession of a firearm by a convicted felon for which he was serving a seven and a half year sentence at the time of sentencing of the instant offense. After the trial judge spent much of the sentencing proceeding reviewing Defendant's extensive criminal history as outlined above, he noted that the instant offense was Defendant's second felony conviction and one of several violent offenses. The trial judge observed: "Apparently, sir, you just don't get along with other people."
Concerning the instant crime, the trial judge observed that Defendant had beaten Ms. Gavrock so badly that she was transported to the hospital in critical condition with many broken bones in her face. The trial judge stated that he took into account the pathology report stating that the beating did not cause Ms. Gavrock's death that occurred not long after this offense. He noted, however, that the cause of death made no difference in his sentencing given the brutality of the attack on an elderly victim and Defendant's criminal history. The trial judge also noted that Defendant had been "cocky and uncooperative" during the investigation into this matter.
Defendant made a brief statement to the court apologizing for his "criminal activity throughout my years" and stating that he "was just allowed to continue to make mistakes." Defendant's attorney also stated that she had noticed a "complete change in his attitude" during the course of this case.
The court explained that incarceration was designed both to teach an offender a lesson and to protect law-abiding citizens from violent offenders. In determining his sentence, the trial judge found that the severity of the attack and Defendant's considerable criminal behavior were the most relevant considerations. Due to Defendant's significant history of violence and because the instant offense was so violent, the trial judge concluded that Defendant deserved the maximum sentence for this offense, 30 years' imprisonment at hard labor. We do not find that the trial judge erred in this sentence.
In addition, as a general rule, maximum or near maximum sentences are reserved for the worst offenders and the worst offenses. State v. Brisco, 33,179 (La.App.2d Cir.4/5/00), 756 So.2d 644, writ denied, 00-1478 (La.5/25/01), 792 So.2d 749; State v. Grissom, 29,718 (La.App.2d Cir.8/20/97), 700 So.2d 541; State v. Walker, 573 So.2d 631 (La.App. 2d Cir.1991). In cases where a defendant has pled guilty *1235 to an offense which does not adequately describe his conduct, however, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence possible for the pled offense. State v. Jackson, 37,722 (La.App.2d Cir.10/9/03), 855 So.2d 989. This is particularly true in cases where a significant reduction in potential exposure to confinement has been obtained through a plea bargain and the offense involves violence upon a victim. Id.; State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430.
Even if this court does not consider the reduction in sentencing exposure from the dismissal of his first degree murder charge, Defendant still received a benefit of the plea because his crime can also be adequately described as a second-degree robbery. Second-degree robbery is defined as, "taking of anything of value belonging to another from the person of another or that is in the immediate control of another when the offender intentionally inflicts serious bodily injury." La. R.S. 14:64.4. Serious bodily injury is defined as "bodily injury which involves unconsciousness, extreme physical pain or protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty, or a substantial risk of death." La. R.S. 14:64.4. Defendant's conduct in the course of this crime  breaking the elderly victim's facial bones and leaving her in critical condition  is indicative of his intention to inflict serious bodily injury on Ms. Gavrock. This is conduct more akin to second-degree robbery, which carries a maximum 40-year hard labor sentence. La. R.S. 14:64.4. Defendant's plea agreement reduced his potential exposure from 40 years to 30 years while not adequately describing his crime. In addition, Defendant's plea agreement precluded the State from seeking enhancement of Defendant's sentence under the habitual offender law and also required the trial judge to impose this sentence concurrently with any other sentence.
The trial judge correctly concluded that the circumstances of this case, in particular Defendant's criminal history and conduct during this offense, warranted the maximum penalty for aggravated burglary. This assignment of error is without merit.

CONCLUSION
For the reasons set forth above, the sentence of 30 years at hard labor of Defendant, David Wayne Sharpley, is affirmed.
AFFIRMED.
NOTES
[1] The term "aggravated robbery" under La. R.S. 14:64.4 was changed to second degree robbery effective 2004.