923 So.2d 984 (2006)
STATE of Louisiana, Appellee,
v.
Dennis MAHONEY, Appellant.
No. 40,771-KA.
Court of Appeal of Louisiana, Second Circuit.
March 8, 2006.
*985 Louisiana Appellate Project by Paula Corley Marx, Carey J. Ellis, III, Jerry Kircus, Shreveport, for Appellant.
Paul J. Carmouche, Caddo Parish District Attorney, Lea R. Hall, Jr., Assistant District Attorney, Edwin Blewer, Assistant District Attorney, for Appellee.
Before BROWN, MOORE and LOLLEY, JJ.
LOLLEY, J.
Dennis Mahoney was charged by bill of information with aggravated incest, a violation of La. R.S. 14:78.1. He pled guilty and was sentenced to 20 years at hard *986 labor. Mahoney appeals, urging that the sentence is excessive. For the following reasons, we affirm the conviction and sentence.

FACTS
Mahoney and his former wife, Angie, were married from 1991 to 2001. They had two children, a daughter and a son. After the couple separated, Angie moved to Utah, and the children stayed in Louisiana with Mahoney. The children would visit their mother in Utah during school holidays and summer vacation. In July 2002, the children were visiting Angie in Utah when she discovered that her daughter (referred to herein as "B.M.") was making inappropriate sexual references regarding her father in her diary. At the time, B.M. was almost 8 years old.
After an investigation ensued, Mahoney was arrested and charged with aggravated incest, a violation of La. R.S. 14:78.1. The police investigation revealed that between May 2000 and June 2002, Mahoney fondled and engaged in sexual intercourse with B.M., who was born on September 15, 1994. The record reflects that B.M.'s accounts of the events never varied. The matter was set for trial, but immediately prior to the trial, Mahoney pled guilty to the charge of aggravated incest. In fact, during the guilty plea colloquy, Mahoney admitted to having committed between 60 and 70 acts against his daughter, B.M. The trial court sentenced him to the maximum penalty of 20 years at hard labor. Mahoney appeals this sentence.

DISCUSSION
On appeal, Mahoney raises only one assignment of error, arguing that his sentence of 20 years at hard labor was excessive. We disagree.
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not a rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1; State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.04/02/97), 691 So.2d 864. However, there is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.03/01/00), 754 So.2d 392, 394, writ denied, XXXX-XXXX (La.02/02/01), 783 So.2d 385.
Second, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La. 1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra. As a general rule, maximum sentences are appropriate in cases involving the most serious violation of offense and the worst type of offender, such an offender who sexually abuses his minor child or *987 stepchild. State v. Guzman, 99-1753 (La.05/16/00), 769 So.2d 1158.
Mahoney's maximum sentence was carefully deliberated by the trial court, which gave excellent, detailed reasons for the sentence. It noted that B.M. was 5 years old when the sexual abuse began. The trial court recognized Mahoney's admission that he committed between 60 and 70 incidents of aggravated incest against B.M., his biological daughter. Of note, the trial court stated that during the investigation of Mahoney, the police seized his computer and found child pornography on the hard drive. However, Mahoney was not charged for the additional crime of child pornography, which could have resulted in additional jail time for him. The trial court took into consideration both B.M.'s testimony and the written statement of her mother. The trial court also considered that B.M. is being treated for mood disorders and seizures resulting from the abuse. Of great significance, the trial court observed that despite the horrendous acts committed against B.M., Mahoney still failed to pay any child support for either of his children, nor had he helped pay for B.M.'s therapy resulting from his abuse which therapy resulted in a significant financial hardship on Angie. Additionally, the trial court considered the hardship on the other children. Finally, the trial court noted that Mahoney did not have remorse for the crime itself, but only seemed to regret being caught. Responding to the sentencing guidelines, the trial court stated that there was an undue risk that Mahoney would commit other crimes of similar nature and that any lesser sentence would deprecate the seriousness of this crime against his young daughter.
Considering the totality of the record, Mahoney's sentence of 20 years at hard labor is not constitutionally excessive. B.M. is Mahoney's only biological daughter. The continuous sexual abuse lasted for at least two years and caused serious emotional trauma to both B.M. and her family. Mahoney, as B.M.'s father, was in a position of trust with his child. He violated that trust relationship. No child should have to experience what B.M. experienced, let alone with her parent. As expressed aptly by the trial court, "... Mahoney chose to gratify his own weird, bazaar (sic) sexual perversions over his obligation to treat his child as a parent should treat his child." So considering, we do not find that the sentence imposed is grossly disproportionate to the severity of the offense or is it shocking to our sense of justice. This assignment is therefore without merit.

CONCLUSION
For the foregoing reasons, the conviction and sentence of Dennis Mahoney are affirmed.
AFFIRMED.