968 So.2d 342 (2007)
STATE of Louisiana, Appellee
v.
Delton FREEMAN, Appellant.
No. 42,644-KA.
Court of Appeal of Louisiana, Second Circuit.
October 24, 2007.
*344 Louisiana Appellate Project by Mary Constance Hanes, for Appellant.
Paul J. Carmouche, District Attorney, for Appellee.
Lea R. Hall, Jr., Brady O'Callaghan, Tommy J. Johnson, Assistant District Attorneys.
Before STEWART, DREW and MOORE, JJ.
MOORE, J.
Delton Freeman appeals as excessive his sentence of 15 years at hard labor following his conviction of molestation of a juvenile with incidents recurring during a period of more than one year, La. R.S. 14:81.2 A, D. For the reasons expressed, we affirm.

Factual Background
In 1991, when he was about 24 years old, Freeman began a live-in relationship with the victim's mother, Angie. The victim, KT (born in 1985), and her brother, DT (born in 1990), were children of Angie's prior relationship. Freeman and Angie got married in 1997.
In November 2004, KT notified police that Freeman had sexually molested and raped her from the time she was 10 years old until she was 15, including time when he was her stepfather. KT testified that Freeman entered her bedroom one evening, pulled down her pants and performed oral sex on her. This continued a couple of times a week for a while, and soon Freeman was forcing her to have vaginal intercourse with him. This continued several times a week for five years until June 2000, when KT discovered she was pregnant. Freeman admitted to KT and Angie that the baby was his; he took her to Hope Medical Group for an abortion.
As noted, Freeman was arrested and charged with molestation of a juvenile when the incidents of molestation recur during a period of more than one year, La. R.S. 14:81.2 A, D. After trial in September 2006, a six-member jury found him guilty as charged. The district court denied his motion for post verdict judgment of acquittal and sentenced him to the statutory maximum, 15 years in prison at hard labor without benefit of parole, probation or suspension of sentence.[1] The court also denied his motion for reconsideration, and this appeal followed.

Discussion
By one assignment of error, Freeman urges the sentence is excessive under the circumstances. He contends the district court did not adequately consider that he had never previously been arrested, let alone convicted, for any offense, and that he has pursued rehabilitation while in jail, including anger management, relationships, power group, AA, NA, and prison-based drug and religious programs. Also, he admitted his mistakes to his family and tried to make amends to KT. Finally, he submits that despite his serious problems with alcohol and drugs, he was gainfully employed in a valuable trade, carpentry, and a 15-year sentence would do nothing to benefit society.
The state responds that the court fully considered the sentencing guidelines, including Freeman's clean prior record, but found that the gravity of this offense, which resulted in pregnancy and abortion, outweighed any mitigating factors. Further, his claims of daily violations of the *345 controlled dangerous substances law do not really mitigate the repeated acts of molestation. Finally, the state argues the 15-year sentence is not shocking, in light of the fact that Freeman's criminal acts were numerous and could have been charged as aggravated rape, resulting in a life sentence.
Appellate review of sentences for excessiveness is a two-pronged inquiry. First, the record must show that the sentencing court complied with La. C. Cr. P. art. 894.1. The court need not list every aggravating or mitigating factor so long as the record reflects that it adequately considered the guidelines. State v. Smith, 433 So.2d 688 (La.1983); State v. Woods, 41,420 (La.App. 2 Cir. 11/1/06), 942 So.2d 658, writs denied, 2006-2768, 2781 (La.6/22/07), 959 So.2d 494. When the record shows an adequate factual basis for the sentence imposed, remand is unnecessary even in the absence of full compliance with the article. State v. Lanclos, 419 So.2d 475 (La.1982). The court is not required to assign any particular weight to any specific matters at sentencing. State v. Quiambao, 36,587 (La.App. 2 Cir. 12/11/02), 833 So.2d 1103, writ denied, XXXX-XXXX (La.5/16/03), 843 So.2d 1130.
Here, the court provided extensive reasons for sentence, specifically noting Freeman's clean criminal record and his participation in various rehabilitation programs in jail; however, these were negated by the gravity of the offense, including the pregnancy, abortion and the ultimate breakup of the family. Also weighing heavily in favor of a long sentence were Freeman's continued efforts to evade his responsibility by claiming that he was habitually under the influence of alcohol and drugs, to the extent that he could not have committed the acts described by KT, and by incredibly claiming that the teenage KT "came on to him." In short, the court fully complied with the guidelines and provided a factual basis for the sentence.
The second prong is constitutional excessiveness. A sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless imposition of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is deemed grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice or makes no reasonable contribution to acceptable penal goals. State v. Guzman, 99-1528 (La.5/16/00), 769 So.2d 1158. As a general rule, maximum sentences are appropriate in cases involving the most serious violation of the offense and the worst type of offender, such as an offender who sexually abuses his minor child or stepchild. Id.; State v. Mahoney, 40,771 (La.App. 2 Cir. 3/8/06), 923 So.2d 984.
The record easily shows that Freeman abused his position of trust and responsibility toward KT, engaging in a course of conduct that far exceeded the one-year period of recurrence delineated as warranting the enhanced sentence of R.S. 14:81.2 D. Freeman committed numerous incidents of abuse, including some acts of intercourse while KT was under the age of 13 and could have been prosecuted as aggravated rape. Viewed in this perspective, the 15-year sentence is not grossly disproportionate to the offense or shocking to our sense of justice. The argument lacks merit.

Conclusion
We have reviewed the entire record and find nothing we consider to be error patent. La. C. Cr. P. art. 920(2). For the *346 reasons expressed, Freeman's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Shortly before the trial of this matter, the statute was amended to provide a maximum sentence of 40 years at hard labor for this offense. 2006 La. Acts No. 36, § 1, effective August 15, 2006.